ELIZABETH J. HAMILTON *vs.* BOSTON AND NORTHERN STREET RAILWAY COMPANY.

ALEXANDER B. HAMILTON *vs.* SAME.

Essex.   November 7, 1906. — January 1, 1907.

Present: KNOWLTON, C. J., HAMMOND, BRALEY, SHELDON & RUGG, JJ.

*Negligence.   Street Railway.*

In an action against a street railway company for personal injuries, a strong, healthy woman about thirty-five years of age having with her a little boy two years old may be found to have been in the exercise of due care when attempting to board an open electric car of the defendant, if she lifted the little boy to the floor of the car, from which he climbed upon a seat, and she then stepped on the running board and said to the child "push over," in order to make room for herself at the outside end of the seat, leaning toward the child to help him over, and had her arms extended in front of her for this purpose when the car started with a sudden jerk, and she was injured.

When a woman having in charge a child two years of age is attempting to board an open electric car it is the duty of the conductor to ascertain whether she has got into such a position as to make it safe to start the car before he gives the signal for starting, especially if the car is at the beginning of a curve where there is likely to be more than the ordinary jar and sway as it starts.

TWO ACTIONS OF TORT, the first for injuries alleged to have been caused by the negligence of the servants of the defendant in starting suddenly one of its open electric cars as the plaintiff was attempting to board it on Franklin Street in Lynn at the corner of Boston Street on September 22, 1901, and the second by the husband of the plaintiff in the first case for his loss and damage caused by her injuries.   Writs dated April 21, 1902.

At the trial in the Superior Court *Aiken*, C. J. ruled that upon the evidence the plaintiffs were not entitled to recover, and ordered a verdict for the defendant.   The plaintiffs alleged exceptions.

*W. A. Kelley*, (*J. F. Quinn* with him,) for the plaintiffs.

*D. E. Hall*, (*H. F. Hurlburt* with him,) for the defendant.

RUGG, J.  These are actions of tort, the first to recover for injuries alleged to have been sustained by the female plaintiff by reason of the sudden starting of a car of the defendant before she had a reasonable opportunity as a passenger to reach a place of safety within the car.  The second action is by the husband of the first named plaintiff.  Hereafter in this opinion the word "plaintiff" refers to the wife.  There was evidence tending to show that the plaintiff with her little boy two years old started to get upon an open car of the defendant in Lynn.  The conductor said to her, "Are you going to ride on this car, lady?" To which she replied, "Yes, sir, if you find me a seat."  Pointing to the second last seat, he said, "Here's a seat here."  She lifted the little boy on the floor of the car, and he climbed on to the seat.  She then stepped up on the running board, on to the car, and said to the child, "push over," in order to make room for herself at the outside end of the seat.  Both her arms were up, the bell rang twice, and the car started.  Other persons had boarded the car, and as the last of these got on she was lifting her child on to the car.  The car was not full.  There seemed to her to be about three persons in the seat at the time.  They were sitting on the opposite end of the seat.  The conductor, although standing on the running board ahead of the plaintiff and then getting down and walking past her to the rear of the car, did not help the child or the plaintiff to get aboard the car. When the child got up on to the seat, there was very little room between him and the end of the seat, not room enough for the mother to sit down.  When she said to the child, "push over," she leaned toward him in order to help him over herself, and her arms were extended in front of her for the purpose of assisting the child.  As the car started she struck across the chest on the back of the seat, and her head struck the post at the end of the same seat.  She was facing partly forward and partly sideways, and the car started with a sudden jerk.  When the car started it was at the beginning of a curve.  The plaintiff was a strong healthy woman about thirty-five years of age.

From these facts it is not wholly clear whether the plaintiff had stepped upon the floor and was within the body of the car, although perhaps from the position in which she fell there is strong reason for inferring that she was within the car.  She

was encumbered, however, with the care of a small child, and it was at least prudent for her to insist that he should not remain at the end of the seat during the journey, with all the attendant dangers of such a position to one physically weak and not possessed of discretion. See *Spooner* v. *Old Colony Street Railway,* 190 Mass. 132. There is nothing to show that the plaintiff was not proceeding with due expedition in placing her child in a position of safety, and undertaking to secure a seat for herself. It is therefore plain that there was sufficient evidence to warrant a finding that she was in the exercise of due care.

It was the duty of the conductor to ascertain whether the plaintiff had boarded the car and had got in such position as to make it safe to start. *Gordon* v. *West End Street Railway,* 175 Mass. 181. Of course this does not necessarily mean that he must wait until every passenger had become seated before giving the signal to start, nor was he under any obligation to notify passengers that he was about to give the starting signal. *Weeks* v. *Boston Elevated Railway,* 190 Mass. 563. The adoption of such a rule would seriously impair the rapid transportation of passengers, which is one of the imperative demands of the present conditions of living. Moreover, it is not in the great majority of cases necessary for the safety of passengers, as it is every day observation that cars are constantly started before passengers are seated, and without danger. Nevertheless, where a passenger is encumbered with the care of a child, not only is she herself obliged to exercise greater care than if alone, but common prudence requires that the street railway company also act with greater caution in view of the circumstances which surround such a passenger. The degree of care required of a common carrier of passengers respecting a healthy woman travelling alone is not necessarily the same as that required of it respecting the same woman having charge of a child two years old. This car was at the beginning of a curve, where it was likely that there would be more than the ordinary jar and sway as it started. Under the circumstances of this case, it cannot be ruled as matter of law that there was no evidence of negligence on the part of the conductor of the defendant in starting the car as and when he did.

*Exceptions sustained.*