JOHN E. PHILLIPS *vs.* J. H. LOCKEY PIANO CASE COMPANY. JOHN PHILLIPS *vs.* SAME.

Worcester.   January 10, 1910. — February 23, 1910.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & SHELDON, JJ.

*Negligence,* Employer's liability.   *Evidence,* Opinion: experts, Admissions, In rebuttal. *Practice, Civil,* Conduct of trial.

Where, at the trial of an action against the proprietor of a woodworking establishment by an employee therein to recover for injuries alleged to have been caused by a defective buzz planer, there was evidence tending to show that there was a vibration and uneven motion on the part of the machine, that boards which went through it came out, not well planed, but rough like a washboard, and that such facts would indicate that something was loose about the fastening of the cylinder of the machine, which condition would cause a board being planed to draw the operator's hand in toward the knives, and that the plaintiff was injured by having his hand drawn in by a board which he was pushing into the planer, it is proper for the presiding judge to refuse a request for a ruling that "the mere fact that there was vibration or uneven motion in the machine furnishes no evidence of a defect in the machine."

The mere fact, that the proprietor of a woodworking establishment caused a defective buzz planer to be repaired by a reputable maker, does not exempt him from liability for injury to an employee which occurred during a month after the repairs were made.

Where, at the trial of an action against the proprietor of a woodworking establishment by an employee therein, who was injured by having his hand drawn into a buzz planer, there was evidence that just before the accident the planer "jarred and would not allow the cutter to cut smoothly, making a washboard effect," the following questions were held to be proper to put to one who was an acknowledged expert in woodworking and woodworking machinery, and the answers were held to be responsive and admissible : "Q. Assume that a person is at work operating a buzz planer and planing stock two inches wide and five eighths of an inch thick, and that said stock when planed appears to be rough and of a washboard effect as testified to, what in your opinion does that indicate

to be the matter with the machine, if anything? A. It would indicate something was loose about the fastening of the cylinder of the machine. — Q. What in your opinion would be the effect upon a board passing over the knives of the planer with a loose cylinder? A. In my opinion the board would ride upon and jump in cross-grain or anything, and if a man's hand was anywhere near, it would pull his hand in towards the knives according chiefly to the way he had hold of it."

At the trial of an action against the proprietor of a woodworking establishment by an employee therein to recover for injuries alleged to have been due to a defective condition of a buzz planer, the plaintiff's evidence in chief had tended to show that the machine was defective as alleged, and one who had acted as superintendent of the defendant had testified as part of the defendant's case, that at the time of the accident to the plaintiff the machine was not out of repair. In rebuttal, the plaintiff was allowed to call a witness who testified that, after the accident, the defendant's superintendent, who previously had testified, had stated, "I will see that no one else runs that machine but myself until it is fixed." *Held,* that, while the testimony was not competent to show an admission which was binding upon the defendant, it was admissible as tending to contradict the previous testimony of the superintendent.

TWO ACTIONS OF TORT, the first for personal injuries received while at work upon a buzz planer in the defendant's factory, the declaration containing counts at common law and under R. L. c. 106, § 71, alleging that the plaintiff was not properly instructed or warned as to the dangers of his employment, and that the buzz planer was defective. The second action was by the father of the plaintiff in the first (who hereinafter will be called the plaintiff) and sought to recover for loss of his son's services and for the expenses incurred by reason of his injuries. Writs dated January 10, 1907.

The cases were tried together before *Raymond,* J. The plaintiff's evidence tended to show that at the time of the accident he was between twenty and twenty-one years of age and had been working for the defendant a year; that he had been working upon a buzz planer about two weeks; that the buzz planer upon which he worked had a guard or spring which prevented his hand from coming into contact with the knives; that he was working under the direction of one Rugg; that on the morning of the accident a piece of board which he had been planing nicked out in the end and he showed it to Rugg, who shut the power off and came over and took the guard off and told him to go on with the work; that he took another piece of wood and, when he had run it about four inches over the knives, the board jumped and threw the stock back, throwing his hand

upon the knives; that when the guard was removed, no warning was given to him that there was any danger of the board jumping and throwing his hand upon the knives and that he had no knowledge that there was anything the matter with the machine.

One Rice, a fellow workman with the plaintiff, testified that the front of the cylinder of the planer had been repaired by the makers during the month preceding that of the accident; that a few days before the accident Rugg examined the machine, found the casting cracked "just about where the set screw goes in," and, to steady it, "put a hand screw on the back box"; that the witness used the planer the afternoon before the plaintiff was injured and at that time it jarred and would not allow the cutter to cut smoothly, making a washboard effect.

Rugg, testifying for the defendant, stated that the planer was in good repair just before the accident.

In rebuttal the plaintiff called his father, who, subject to an exception by the defendant, was allowed to testify that, in a conversation with Rugg after the accident, Rugg said, "I will see that no one else runs that machine but myself until it is fixed."

The presiding judge refused to make the rulings which are quoted in the opinion, as well as others, the exceptions to his refusal of which were waived as there stated. Exceptions relating to matters of evidence, other than that stated above, also are described in the opinion.

There were verdicts for the plaintiffs; and the defendant alleged exceptions.

The case was submitted on briefs.

*C. C. Milton & D. F. Gay*, for the defendant.

*D. I. Walsh, T. L. Walsh & C. B. O'Toole*, for the plaintiffs.

MORTON, J. All of the defendant's requests except those numbered 9, 10 and 11 have been waived by it. Requests 9, 10 and 11 are as follows: "9. The mere fact that there was vibration or uneven motion in the machine furnishes no evidence of a defect in the machine. 10. If the machine was repaired by a reputable maker and the repaired part installed on the machine the defendant was justified in using the machine so repaired and was not negligent in so using it. 11. There is no evidence of defect in the machine except as testified to by Rice

that no repair had been made on the cracked casting, and unless the jury believe the testimony of Rice the plaintiff cannot recover." We think that the instructions thus requested were rightly refused.

Whether the vibration or uneven motion, if there was any, could be regarded as evidence of a defect, depended upon what the jury might find as to the nature or extent of it. The jury might have found it to be such that the only reasonable explanation of it, or at any rate the more reasonable explanation of it, was that it was due to a defect in the machine, in which case the presence of the vibration or uneven motion would have been evidence of a defect in the machine. It would have been error therefore, to have given the ninth instruction requested.

The fact that the defendant had got a reputable maker to repair the machine was admissible in evidence on the question of the defendant's due care or negligence in continuing to use the machine. But it could not have been ruled as matter of law that the defendant could not be found to have been negligent in using the machine after it was repaired. The repairs might not have been properly made notwithstanding the work was done by a reputable maker, and the machine might still have continued to be defective and unsafe for use. The tenth request was therefore properly refused.

The eleventh request could not have been given as drawn, since, even if the jury disbelieved Rice, they might still have found that the plaintiff was entitled to recover on the ground that he was directed by the defendant's foreman to go on with his work after the guard or spring had been removed from the machine, without any warning or instructions being given him as to the danger. The request as drawn asked the presiding judge to instruct the jury, in substance, that the plaintiff could not recover unless they believed, what Rice had testified to, that there had been no repair of the cracked casting, and was plainly too broad.

The remaining exceptions relate to matters of evidence. One Farwell was called as an expert by the plaintiff. No objection was made to his qualifications as an expert. On direct examination he was asked : "Assume that a person is at work operating a buzz planer and planing stock two inches wide and five

eighths inches thick, and that said stock when planed appears to be rough and of a washboard effect as testified to, what in your opinion does that indicate to be the matter with the machine, if anything?" and he answered, "It would indicate something was loose about the fastening of the cylinder of the machine." We think that the question and answer were both plainly competent. One objection urged is, in effect, that the question was not sufficiently comprehensive. But however much that might affect the value of the answer it did not make the question itself incompetent. Another objection is that it called for the opinion of the witness upon the effect of evidence. We do not think so. The words "as testified to" referred simply to what had been previously described in the question as a rough and washboard effect. We think that the subsequent question to the same witness and his answer were also clearly competent. The question was a proper one for an expert, and the answer was responsive.* The testimony in rebuttal that was objected to was rightly admitted. It tended to contradict the defendant's witness in regard to a material matter, and was admissible for that purpose, though incompetent as an admission by the defendant's agent.

*Exceptions overruled.*

---

* The question and answer were: "Q. What in your opinion would be the effect upon a board passing over the knives of the planer with a loose cylinder? A. In my opinion the board would ride upon and jump in cross-grain or anything, and if a man's hand was anywhere near it would pull his hand in towards the knives according chiefly to the way he had hold of it."