MALVINA BENOIT *vs.* BOSTON AND NORTHERN STREET RAILWAY
COMPANY.

PHILIP BENOIT *vs.* SAME.

Essex.    November 6, 1913. — January 9, 1914.

Present: RUGG, C. J., LORING, BRALEY & DE COURCY, JJ.

*Negligence*, Street railway.

It is not negligent for the conductor of a vestibuled box street railway car, which has stopped to take on passengers, to give the signal for the starting of the car when a woman, who has nothing in her appearance to indicate that she is not fully able to protect herself from being injured by the ordinary movement of the car in starting, after having lifted a child five years of age upon the car, has taken the child by the hand and has followed her into the car from the vestibule, but has not taken a seat.

The fact that a street railway car started with a jerk, in the absence of evidence tending to show that the jerk was unusual or extraordinary or that the movement differed in any way from that ordinarily attending the starting of such a car, is not evidence of negligence in the operation of the car.

TWO ACTIONS OF TORT, the first for personal injuries alleged to have been received by a woman from being thrown to the floor of a street railway car of the defendant by reason of its negligent management. The second action was by the husband of the plaintiff in the first action for consequential damages. Writs dated April 22, 1911.

The cases were tried together before *Hitchcock*, J. The facts which the plaintiff's evidence tended to show are stated in the opinion. There also was evidence that the car was a closed car with vestibules; that the accident occurred on January 31, 1911; that the plaintiff Malvina Benoit was thirty-six years old and the mother of four children, ranging in ages from fifteen to five years; that as she boarded the car she lifted the five year old child into the vestibule and followed her, holding her by the hand; that at the time of the accident she was four and a half or five months advanced in pregnancy, wore a long black coat, buttoned, and "was quite large;" and that she gave birth to twins on June 14. Her husband testified that he let her lift the five year old child on to the car and get on herself without assistance, and that he thought she was able to do so without help from him.

At the close of the evidence the defendant asked for the following rulings:

"1. On all the evidence the plaintiff is not entitled to recover.

"2. There is no evidence of negligence on the part of the defendant, its servants, agents or employees.

"3. The conductor was not guilty of any negligent act.

"4. Upon the evidence the motorman did not start the car in a negligent or improper manner."

The rulings were refused. The jury found for the plaintiff in the first case in the sum of $300; and for the plaintiff in the second case in the sum of $100. The defendant alleged exceptions.

*S. Parsons*, for the defendant.

*R. L. Sisk*, for the plaintiffs.

DE COURCY, J. Melvina Benoit, hereinafter called the plaintiff, seeks to recover for personal injuries received from being thrown to the floor of the defendant's car in which she was a passenger. There is no controversy as to her due care. The questions raised by the exceptions are whether there was evidence for the jury that the conductor started the car too soon, or that the motorman started it in a negligent manner.

1. When a car has been stopped for the purpose of taking on a passenger it is the duty of the conductor not to give the starting signal until the passenger has got into such a position on the car as to make it safe to start. This does not mean that he must wait until all the passengers have been seated. Such an application of a carrier's duty would be impracticable under the demands of present day rapid transportation, and is not necessary for the passenger's safety according to general experience. It is settled law in this Commonwealth that under ordinary circumstances it is not negligence for a conductor to give the starting signal after the passenger is fully and fairly on the car. *Sauvan v. Citizens' Electric Street Railway*, 197 Mass. 176. *Weeks v. Boston Elevated Railway*, 190 Mass. 563. *Boston Elevated Railway v. Smith*, 168 Fed. Rep. 628.

The facts bring this case within the established rule. The plaintiff was in the body of the car when the conductor rang the bell. She was thirty-six years old, and apparently fully able to protect herself from being injured by the ordinary movement of

a car in starting. It seems clear from the testimony of the passengers and the conduct of her husband that there was nothing in her appearance to indicate to the conductor that she needed special care by reason of pregnancy. The fact that she was leading her five years old child by the hand is not enough to bring the case at bar within the scope of *Hamilton* v. *Boston & Northern Street Railway*, 193 Mass. 324. In that case the plaintiff, with her arms extended in front of her, was in the act of caring for her two years old child when the car started at the beginning of a curve. And the Hamilton case differs from this in other particulars. See *Sauvan* v. *Citizens' Electric Street Railway, ubi supra*. Under our decisions the defendant was entitled to the third ruling requested. *Tupper* v. *Boston Elevated Railway*, 204 Mass. 151, and cases cited.

2. The presiding judge should have given the fourth ruling requested by the defendant. The plaintiff and her husband said that the car started with a jerk, but there is nothing in the record to show that it was an unusual or extraordinary jerk, or that the movement differed in any way from that ordinarily attending the starting of an electric car. No other facts appear from which it could be inferred that there was carelessness in the way in which the motorman started the car. *Work* v. *Boston Elevated Railway*, 207 Mass. 447.

The judge should have ruled, as requested by the defendant, that upon all the evidence the plaintiff could not recover; and under St. 1909, c. 236, judgment must be entered for the defendant.

*So ordered.*