ELIZABETH CONVERY *vs.* EASTERN MASSACHUSETTS STREET RAILWAY COMPANY.

JOSEPH F. CONVERY *vs.* SAME.

Middlesex.  March 27, 1925. — May 21, 1925.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Negligence*, Street railway.  *Evidence*, Presumptions and burden of proof; Opinion: expert.

While a woman in an action against a street railway company for personal injuries suffered when, as she was taking her seat upon entering a car, she was thrown down by the alleged negligent manner in which the car was started, cannot recover on testimony merely that, when the car started, "it gave such a terrible jump that . . . [she] got the sensation that the floor of that car was going to be torn from under . . . [her] and . . . [she] was going through to the street," if it further appears in evidence that she was thrown a distance of six feet, that as a result

of the fall her right shoulder and arm were injured and her right leg was broken and that after she fell her right arm was caught or "wedged in" back of the brake rod at the rear of the car, a finding is warranted that the car was started in an unusual and negligent manner.

At the trial of the action above described, a former employee of the defendant, called by the plaintiff, testified that he had been employed by the defendant from July, 1909, to May, 1923; that he was so employed originally as a motorman on two men cars and afterwards as an operator of one man cars; that he had driven the car on which the plaintiff was injured; that he had operated a number of cars equipped with a controller like the one on the car in question, and had been employed by the defendant in other capacities. He then was permitted to testify as to the proper way to start a car from a standing position with the type of controller then used. *Held,* that the witness properly might have been found to be qualified to testify respecting the operation of the controller on the car in question, and that an exception to the admission of his testimony as an expert must be overruled.

A question to the witness above described, whether the car on which the plaintiff was a passenger "could have started in the manner in which she has described, if the controller had been working in the manner in which you have testified was the proper way to work it," was not incompetent on the ground that it called for the expert to give an answer involving his opinion on a disputed fact, and was admissible, it not calling for an opinion upon all the evidence in the case, but being limited to the starting of the car in the manner described by the plaintiff.

It was not erroneous to permit the same witness to answer a question, whether or not a car equipped with a controller in proper condition, of the type like that in the car in question, started in the manner described by the witness, would "suddenly jump."

Two ACTIONS OF TORT, the first for personal injuries received when the plaintiff was thrown down by the negligent manner in which a street car of the defendant was started as she was walking to a seat, and the second by the husband of the plaintiff in the first action for consequential damages. Writ dated July 5, 1923.

The actions were tried together before *Greenhalge,* J. Material evidence and exceptions saved by the defendant are described in the opinion. At the close of the evidence, the defendant moved for verdicts in its favor. The motions were denied. There was a verdict for the plaintiff in the first action in the sum of $2,000, and for the plaintiff in the second action in the sum of $435.25. The defendant alleged exceptions.

*J. M. O'Donoghue,* for the defendant.

*E. J. Tierney,* for the plaintiff.

CROSBY, J.    These two actions were tried together.    The first is brought to recover for personal injuries received by the plaintiff while a passenger on one of the defendant's cars; she will hereafter be referred to as the plaintiff.    The second is brought by her husband to recover for consequential damages arising from said injuries.

The plaintiff and her two nieces, six and eight years old, boarded a one man car, so called, of the defendant at a white post on Gorham Street in Lowell.    The children went into the car first.    The plaintiff paid her fare as she entered, and, seeing that her nieces had seated themselves on the lengthwise seat in the rear of the car, walked down the aisle and reached a point about six feet from the rear vestibule when the car started and she was thrown against the rear dashboard and injured.    She testified that so far as she knew no bell was rung or signal given; that when the car started, "it gave such a terrible jump that . . . [she] got the sensation that the floor of that car was going to be torn from under . . . [her] and . . . [she] was going through to the street."    She further testified that the car started just as she was about to sit down next to the children.    As a result of the fall, her right shoulder and arm were injured and her right leg was broken.

Charles O. McBride, a witness called by the defendant, testified that he boarded the car with his little boy at the same place as the plaintiff, and entered the car behind her; that after she fell her right arm was caught or "wedged in" back of the brake rod at the rear of the car; that he and the motorman went to her assistance and helped her to a seat.

At the close of the evidence the defendant filed a motion in each case that a verdict be directed in its favor upon the grounds that there was no evidence of negligence of the defendant, and that the evidence showed that the plaintiff was not in the exercise of due care.    The defendant also excepted to the admission of certain evidence which will hereafter be referred to.

The testimony of the plaintiff that the car started with "a terrible jump" and that she "got the sensation that the floor of that car was going to be torn from under . . . [her]

and . . . [she] was going through to the street" standing alone was not evidence of negligence on the part of the operator of the car. It has frequently been held that, as electric cars ordinarily cannot be started without any jerk or jolt, descriptions of such startings similar to that given by the plaintiff are not descriptions of a physical fact, and do not indicate negligence of the operator. *Rust* v. *Springfield Street Railway*, 217 Mass. 116. *Anderson* v. *Boston Elevated Railway*, 220 Mass. 28. *Sullivan* v. *Boston Elevated Railway*, 224 Mass. 405, 407. *Whiteacre* v. *Boston Elevated Railway*, 241 Mass. 163, 165.

Although the description given by the plaintiff of the movement of the car is not evidence of negligence, there was other evidence from which the jury were warranted in finding that the car was negligently started. It could have been found that, as she was walking down the aisle to obtain a seat, the car started with such violence that she was thrown a distance of six feet and struck the rear dashboard with force sufficient to injure her right shoulder and arm and to break her right leg. Evidence of these physical facts warranted a finding that the car was started in an unusual and negligent manner. *Nolan* v. *Newton Street Railway*, 206 Mass. 384. *Rust* v. *Springfield Street Railway, supra. Griffin* v. *Springfield Street Railway*, 219 Mass. 55. *Bilodeau* v. *Fitchburg & Leominster Street Railway*, 236 Mass. 526. It could not have been ruled that the plaintiff was not in the exercise of due care. That issue was rightly left to the jury.

The defendant excepted to certain questions put to one Riordan, a witness called by the plaintiff. He testified that he had been employed by the defendant from July, 1909, to May, 1923; that he was so employed originally as a motorman on two men cars and afterwards as an operator of one-man cars; that he had driven the car on which the plaintiff was injured; that he had operated a number of cars equipped with a controller like the one on the car in question, and had been employed by the defendant in other capacities. Upon this evidence the presiding judge, in the exercise of his discretion, could have found the witness qualified to

testify respecting the operation of the controller on the car in question. *Johnson* v. *Lowell,* 240 Mass. 546, 549, and cases cited. It was competent for him to testify as to the proper way to start a car from a standing position with the type of controller then used. His description of the manner in which a car so equipped should be started, and how the speed should be accelerated, was admissible upon the issue whether at the time the plaintiff was injured the car was started negligently or otherwise.

The question to this witness, whether the car on which the plaintiff was a passenger "could have started in the manner in which she has described, if the controller had been working in the manner which you have testified was the proper way to work it," was admissible. The objection that it was incompetent on the ground that it called for the expert to give an answer involving his opinion on a disputed fact is not tenable. The question did not call for an opinion upon all the evidence in the case, but was limited to the starting of the car in the manner described by the plaintiff. In substance the question was, taking the facts as testified by her, and if the controller had been in the condition previously described by the witness, whether the car was properly operated at the time of the accident.

The facts in *Connor* v. *O'Donnell,* 230 Mass. 39, relied on by the defendant, are plainly distinguishable from those in the case at bar. In that case an expert was asked to give his opinion founded on "the evidence in the case." As the evidence was conflicting and capable of more than one interpretation, the question was held to be inadmissible. The witness in the present case was not called upon to express an opinion as to the truth of the plaintiff's testimony or to pass upon its weight. The form of the question is substantially like those that have been held to be competent in numerous cases. *Phillips* v. *J. H. Lockey Piano Case Co.* 205 Mass. 59. *Nolan* v. *Newton Street Railway, supra. Griffin* v. *Springfield Street Railway, supra. Olsen* v. *New England Fuel & Transportation Co.* 251 Mass. 389.

The question to the same witness, whether or not a car, equipped with a controller in proper condition, of the type

like that in the car in question, started in the manner described by the witness, would "suddenly jump," was not erroneous. This witness had in substance already testified to that effect when he stated that, if the controller was moved slowly from one notch to another, the car would start slowly.

*Exceptions overruled.*