ELIZABETH M. CHANDLER *vs.* BOSTON ELEVATED RAILWAY
COMPANY.

Suffolk.     November 7, 1927. — November 21, 1927.

Present: BRALEY, CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Negligence,* Street railway.

A woman passenger in a street railway car who, as she was walking toward
the conductor and the door to alight at a regular stopping place, was
thrown upon her stomach on the floor by reason of a sudden jolt which
first "seemed to throw her back a little," cannot recover in an action
against the street railway company for personal injuries alleged to have
been caused by negligence, if the evidence shows no more than the
fact of such a jolt, such evidence alone not establishing negligence,
whether it occurred before the car came to a stop to let off passengers
or as it was starting after making such a stop and while the plaintiff
was moving toward the door with the intention of alighting.

TORT for personal injuries. Writ dated July 12, 1920.

In the Superior Court, the action was tried before *Fosdick,* J. Material evidence is stated in the opinion. At the
close of the plaintiff's evidence, the defendant rested and, on
its motion, the judge ordered a verdict for the defendant.
The plaintiff alleged exceptions.

*H. T. Talty & J. J. Cummings,* for the plaintiff, submitted
a brief.

*H. F. Hathaway,* for the defendant.

SANDERSON, J. The question to be decided in this case
is whether the judge erred in directing a verdict for the
defendant.

The plaintiff was the only witness called. She was a
passenger on a car marked "Broadway, Everett" going to
Everett Square. She knew that the car always stopped at
the square and therefore she did not ring the bell. She rose
from her seat, as the car was stopping, and when it stopped
she started to go toward the door. "The conductor was
facing toward her." She put her hand on the crossways seat
to steady herself and, when the car stopped, she took perhaps two steps from her seat and started for the door as

straight as she could as the door was open.   The conductor
had rung the bell.   She had taken about two steps when
there came a sudden jolt which "seemed to throw her back
a little," and she then fell very suddenly on her stomach, and
"her head was over the floor of the car in the vestibule where
the conductor was."

A common carrier of passengers is not responsible for those
sudden jolts or jerks which are the ordinary incidents of
travel upon electric cars.   *Walsh* v. *Boston Elevated Railway*,
256 Mass. 17, 18.   The jolt described did not establish
negligence, whether it occurred before the car came to a
stop to let off passengers or as it was starting after making
such a stop and while the plaintiff was moving toward the
door with the intention of alighting.   She was still inside
the body of the car.   *Anderson* v. *Boston Elevated Railway*,
220 Mass. 28.   The case is governed by *Gollis* v. *Eastern
Massachusetts Street Railway*, 254 Mass. 157, and the cases
therein cited.

*Exceptions overruled.*