ADAM J. WEINER *vs.* BOSTON ELEVATED RAILWAY
COMPANY.

SUSIE WEINER *vs.* SAME.

Middlesex.   January 23, 1928.— March 1, 1928.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & SANDERSON, JJ.

*Negligence,* Street railway.   *Evidence,* Presumptions and burden of proof.

Evidence, at the trial of an action by a woman against a street railway
company for personal injuries received when the plaintiff was a passen-
ger on a street car of the defendant, that after the plaintiff entered the
car and it had gone only a short distance and while, owing to its crowded
condition, she was standing near its front with a "good and solid" hold
of a strap, the car swerved one way and another, stopped suddenly,
broke her hold and threw her "headlong into the front vestibule";
and that when the car swerved the plaintiff looked ahead through the
window in front of the motorman; that there was nothing on the tracks
ahead, and that she saw nothing to cause the car to stop, warranted
submission of the case to the jury and a verdict for the plaintiff.

TWO ACTIONS OF TORT, described in the opinion.   Writs
dated January 21, 1925.

In the Superior Court, the actions were tried together
before *Keating,* J.   Material evidence is stated in the opin-
ion.   The judge denied motions by the defendant for ver-
dicts in its favor.   The jury found for the plaintiffs in the
amounts of $506.15 and $4,090,. respectively, and the judge
reported the actions to this court for determination of the
correctness of his rulings.

*C. S. Walkup, Jr.,* for the defendant.

*J. H. Vahey,* for the plaintiffs.

SANDERSON, J.   In the second of these actions the plaintiff
seeks damages for personal injuries; in the first her hus-
band asks for consequential damages.   The defendant ex-
cepted to the refusal of the judge to order verdicts in its
favor.   The jury found for the plaintiffs and the cases are
reported with an agreement that if the judge was right in
submitting the cases to the jury, judgment is to be entered

on the verdicts; otherwise judgment is to be entered for the defendant.

Susie Weiner, hereinafter called the plaintiff, boarded a one-man vestibule car in Somerville, entering by the front door. The car was crowded and she had to stand taking her position near the front. There was testimony that she had a "good and solid" hold of a strap at the time of the accident and that the car had gone only a short distance from a stop when it swerved her one way and another, stopped suddenly, broke her hold and threw her "headlong into the front vestibule," causing the injuries complained of. The stop occurred a short distance from the starting place. Under some circumstances a jerk or jolt may be of such an unusual nature, as shown by the effect on passengers in the car, that the testimony describing its effects has been considered evidence of negligence. This principle is illustrated in *Warren* v. *Boston Elevated Railway*, 259 Mass. 226, where the car in question stopped so suddenly that it broke the firm hold which the plaintiff had of a railing and threw her five or six feet to the floor with sufficient force to break one of her bones; and again, in *Convery* v. *Eastern Massachusetts Street Railway*, 252 Mass. 418, where the car started with such violence that, as the plaintiff was walking down the aisle to find a seat, she was thrown a distance of six feet and struck the rear dashboard with such force that her shoulder and arm were injured and her leg was broken. But proof of negligence is the ground upon which the plaintiff is permitted to recover, and the question is whether under all the circumstances the facts tended to prove an unusual and negligent manner of stopping, starting, or operating the car.

In *Gollis* v. *Eastern Massachusetts Street Railway*, 254 Mass. 157, and in *Chandler* v. *Boston Elevated Railway*, 261 Mass. 230, the plaintiff was in the body of the car when it was started and there was no evidence to prove the manner in which the start was made except that there was a jerk or jolt and the plaintiff was thrown to the floor of the car. In neither case was there evidence that at the time of the accident the plaintiff had a firm hold on any part of the car, and the testimony as to its movements was insufficient to

justify a finding that the defendant was negligent.   In *Walsh*
v. *Boston Elevated Railway*, 256 Mass. 17, the plaintiff rose
to leave the car at a stopping place, and the car came to a
stop so suddenly that she lost her balance, was thrown for-
ward three feet against the forward end of the car, and then
fell backward.   She testified that it seemed as if the motor-
man were trying to avoid an accident.   The court held that
there was no evidence of negligence.   Evidence relating to
unusual jerks and jolts of cars coming to a stop to discharge
passengers or starting after stopping for that purpose may
be evidence of negligence, while in other circumstances evi-
dence of similar movements would not be sufficient to justify
a jury in finding the defendant negligent.   It is matter of
common knowledge that a motorman while operating his
car between stops is often confronted with dangers which
require quick action on his part.   In *Black* v. *Boston Ele-
vated Railway*, 206 Mass. 80, the evidence tended to show
that the jolt of the car, in stopping, was so severe that it
broke the plaintiff's firm grasp of a strap.   The defendant
contended that the plaintiff could not recover without show-
ing that the stop was not made to avoid a collision.   This court
held that the case was submitted to the jury properly because
of evidence tending to show that the jolt described occurred
while the car was stopping to allow passengers to alight.   See
*Timms* v. *Old Colony Street Railway*, 183 Mass. 193, 194.   In
*Gray* v. *Boston Elevated Railway*, 251 Mass. 167, 169, the
defendant's train was being operated on its own location; the
court held that evidence that the train stopped with such a
jerk that the plaintiff was thrown backward and forward and
then fell required some explanation from the defendant, and
referred to the fact that in cases of accidents occurring on the
street the decisions are based upon the practical application
of the rule that street railway companies and others, in the
use of public ways, "have and owe toward each other cor-
relative rights and obligations."

In the case at bar the accident occurred soon after the car
left a stopping place.   The evidence of the plaintiff tended
to show that when the car swerved she looked ahead through
the window in front of the motorman, that there was nothing

on the tracks ahead, and that she saw nothing to cause the car to stop. From this evidence the jury could have found that there was no traffic or other condition in the street to account for the sudden stopping of the car described by the plaintiff and other witnesses. The jury were not obliged to believe the testimony offered by the defendant that an emergency stop was made because a truck suddenly and without warning turned in front of the street car. The evidence of the plaintiff that the street was clear ahead, together with her testimony describing the effect of the stop upon her, was sufficient to make a case for the jury. We are of opinion that the motions for directed verdicts were properly denied.

In each case the entry must be

*Judgment for the plaintiff on the verdict.*