DORA SEIDENBERG *vs.* EASTERN MASSACHUSETTS STREET RAILWAY COMPANY.

Suffolk.    March 6, 1929. — March 25, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & FIELD, JJ.

*Negligence,* Street railway.

At the hearing by a judge in a district court of an action of tort by a woman against a street railway company for personal injuries alleged to have resulted from the sudden starting of a car of the defendant before the plaintiff, who had entered it, had had opportunity to reach a seat, and from an accumulation of snow and ice on the floor of the car, the defendant rested at the close of the plaintiff's evidence. The plaintiff's evidence was merely that the plaintiff, without bundles, had entered the car from its vestibule when it "gave a terrible jerk,"

which she illustrated by gesticulation, throwing her hands over her head backward and then forward; that it was slippery and wet, "very sloppily wet," in the car, and that, if it had not been wet, she probably would not have fallen.   There was no evidence that a firm hold of the plaintiff on a strap or other part of the car was broken or that she was thrown a considerable distance or with peculiar force.   The judge found for the plaintiff.   *Held,* that

(1) There was no negligence in starting the car after the plaintiff was fully and fairly within it although she had not reached a seat;

(2) The wetness of the floor of the car as described constituted no evidence of negligence on the part of the servants of the defendant;

(3) The evidence of the manner in which the car jerked in starting was not sufficient to warrant a finding of negligence in its operation;

(4) The finding was not warranted and judgment was ordered for the defendant.

TORT for personal injuries.   Writ in the District Court of Chelsea dated August 2, 1926.

Material evidence at the trial in the District Court is stated in the opinion.   The defendant rested at the close of the plaintiff's evidence.   The judge found for the plaintiff in the sum of $550 and reported the action to the Appellate Division for the Northern District.   The report was ordered dismissed.   The defendant appealed.

*L. R. Chamberlain,* (*R. J. Cook* with him,) for the defendant.

*J. H. Blanchard,* for the plaintiff.

RUGG, C.J.   This is an action of tort to recover compensation for injuries sustained by the plaintiff while a passenger upon a trolley car operated by the defendant.   One count of the two in the declaration alleged that, after entering the car and before she had opportunity to reach a seat, the car was started with a "sudden jerk and unexpected and unanticipated quick movement"; the other count alleged that there was an accumulation of snow and ice on the floor of the car.   The testimony of the plaintiff was that "I had stepped out of the vestibule and the accident happened in the body of the car.   The car gave a terrible jerk (describing by gesticulation, witness threw up her hands over her head backward, then said she staggered, hands being thrown forward) and I fell down.   It was slippery in the car, it was wet in the car and the car gave a terrible jerk and I fell down.   If it wouldn't be so slippery, I probably wouldn't fall down but

it was so slippery I fell down . . . the floor was very wet.
. . . At the time of the accident I was a well woman, strong
and robust, hearing and eyesight all right. . . . I had no
bundles in my hands at all." Another witness testified that
the condition of the floor of the car was "very sloppily wet"
and that, the plaintiff having entered the car, it "started
jerkily and she staggered like that (The witness was then
seated in a chair. She gesticulated by throwing her hands
up and quickly swaying in her chair.) and slipped right on her
back. Fell right down on the floor." There was evidence
that it was not snowing at the time but had snowed before
and there was slush on the ground.

There was no obligation on the part of the defendant to
keep the car still until the passenger had reached a seat
within the car. There was no negligence in starting the car
when the passenger was fully and fairly within it. *Sauvan* v.
*Citizens' Electric Street Railway*, 197 Mass. 176. *Benoit* v.
*Boston Elevated Railway*, 216 Mass. 320. There is no room for
doubt on the evidence that the plaintiff was in this position.

The wetness of the floor of the car as described constituted
no evidence of negligence on the part of the servants of the
defendant. That point is covered by numerous decisions.
*Labrie* v. *Donham*, 243 Mass. 584. *O'Brien* v. *Boston Ele-
vated Railway*, 250 Mass. 192. *O'Neill* v. *Boston Elevated
Railway*, 248 Mass. 362. *Mascary* v. *Boston Elevated Rail-
way*, 258 Mass. 524. *Bornstein* v. *R. H. White Co.* 259
Mass. 34.

It is too well settled for discussion or for repetition of the
reasons that mere jerks and jolts in starting an electric car,
however vituperatively described, do not constitute negli-
gence. *Work* v. *Boston Elevated Railway*, 207 Mass. 447, and
cases there reviewed. *Saunders* v. *Boston Elevated Railway*,
216 Mass. 355. *Anderson* v. *Boston Elevated Railway*, 220
Mass. 28. *Gollis* v. *Eastern Massachusetts Street Railway*, 254
Mass. 157. *Binder* v. *Boston Elevated Railway*, 265 Mass.
589. The graphic gesticulations of the witnesses, designed
to indicate how the plaintiff fell, amounted to no more than
a portrayal in words and fall within the authority of the
cases just cited.

The circumstance that a passenger walking or standing within the car may fall, unaccompanied by some further physical facts showing violence in the operation of the car, is insufficient to establish negligence. *McGann* v. *Boston Elevated Railway*, 199 Mass. 446. *Walsh* v. *Boston Elevated Railway*, 256 Mass. 17, and cases there collected. *Chandler* v. *Boston Elevated Railway*, 261 Mass. 230. While the question whether there is negligence is often one of degree and each case depends upon its own facts, the case at bar falls within the general rule and is distinguishable from cases like *Convery* v. *Eastern Massachusetts Street Railway*, 252 Mass. 418, *Warren* v. *Boston Elevated Railway*, 259 Mass. 226, and *Weiner* v. *Boston Elevated Railway*, 262 Mass. 539, where there was evidence capable of conveying to the ordinary mind a definite conception of some conduct on the part of those in charge of the car outside that of ordinary experience on which a finding of negligence could rest. See *Foley* v. *Boston & Maine Railroad*, 193 Mass. 332, 335. No firm hold of the plaintiff on a strap or other part of the car was broken and she was not thrown a considerable distance or with peculiar force.

It follows from what has been said that there was no evidence to support a finding of negligence on the part of the defendant and that its request for a finding in its favor ought to have been granted.

*Order dismissing report reversed.*
*Judgment to be entered for defendant.*