MARY A. PICKARD *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.   December 4, 1928. — May 27, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT & SANDERSON, JJ.

*Negligence*, Contributory, Street railway. *Evidence*, Presumptions and burden of proof, Competency.

At the trial of an action of tort against a street railway company for personal injuries, there was evidence that the plaintiff, a passenger on one of the defendant's cars, left her seat as the car neared a stop at which she desired to get off and took a firm hold of a strap; that the car stopped suddenly and jerked backward and forward with sufficient force to break her hold of the strap and throw her against a seat, whereby she was rendered unconscious, sustained two broken ribs and received numerous bruises. The trial judge denied a motion by the defendant that a verdict be ordered in its favor. *Held*, that

(1) Evidence of somewhat conflicting statements by the plaintiff merely affected the weight of her testimony;

(2) Findings were warranted that the plaintiff was not guilty of contributory negligence and that the motorman of the car was negligent;

(3) Counsel for the defendant having declined to produce at the trial a sign inside the car to the effect that passengers were requested to be at the door as the car neared the stop at which they desired to get off, there was no error in the admission of testimony by witnesses who had seen and read the sign as to its wording; such testimony was competent on the issue, whether the plaintiff was guilty of contributory negligence;

. (4) The defendant's motion properly was denied.

TORT.   Writ dated February 18, 1924.

Material evidence at the trial in the Superior Court before *Dillon*, J., is described in the opinion. At the close of the evidence, the judge denied a motion by the defendant that a verdict be ordered in its favor. The jury found for

the plaintiff in the sum of $3,500, of which the plaintiff remitted $1,500 by order of court. The defendant alleged exceptions.

*J. T. Hughes,* (*H. L. Barrett* with him,) for the defendant.
*M. J. Mulkern,* for the plaintiff.

RUGG, C.J. There was evidence tending to show that the plaintiff, a passenger of the defendant, left her seat in the car as it neared the stop where she desired to alight, went without bundles or packages to the end of the car near the door, and took hold of the strap with her right hand with a firm grip. Suddenly the car came to a standstill and jerked backward and then forward with such violence as to break her hold on the strap. She was thrown against the seat and rendered insensible by the violence of her fall, two ribs were broken and she was bruised and black and blue in various places. There was evidence of somewhat conflicting statements on the part of the plaintiff. This only affected the weight of her testimony. The motorman of the car testified to the effect that there was a good stop of the car without jerking forward and back, and that there was nothing out of the ordinary about the stopping of the car. Other evidence need not be summarized.

Obviously there was much contrariety in the evidence. It could not rightly have been ruled as matter of law that the plaintiff was not entitled to go to the jury. There was ample ground for a finding of due care and a want of contributory negligence on the part of the plaintiff.

The evidence in its aspect most favorable to the plaintiff would warrant a finding of negligence on the part of the motorman. The effect of the sudden stopping and backing and starting rightly might have been found to be something more than the ordinary jolts and jerks incident to the operation of electric cars. The case falls within the class of cases illustrated by *Work* v. *Boston Elevated Railway,* 207 Mass. 447, and cases there collected; *Convery* v. *Eastern Massachusetts Street Railway,* 252 Mass. 418; *Warren* v. *Boston Elevated Railway,* 259 Mass. 226, and *Weiner* v. *Boston Elevated Railway,* 262 Mass. 539, where it was held that evidence outside that respecting jolts and jerks was sufficient to support

a finding of negligence of the motorman. It is distinguishable from cases like *Walsh* v. *Boston Elevated Railway*, 256 Mass. 17; *Chandler* v. *Boston Elevated Railway*, 261 Mass. 230, and *Seidenberg* v. *Eastern Massachusetts Street Railway*, 266 Mass. 540, and cases there collected, where it was held that mere jolts and jerks, however vividly and rhetorically described, were not enough to warrant a finding of negligence.

There was no error in the admission of evidence as to the sign inside the car to the effect that passengers were requested to be at the door as the car neared the stop where they were to leave. The judge suggested to counsel for the defendant that the examination of witnesses called by the plaintiff and testifying from memory as to the words of the sign would be suspended if he would produce one of the signs in court. Counsel declined to do so. It was permissible to admit evidence as to the words of the sign from those who had seen and read it. See *Renaud* v. *New York, New Haven & Hartford Railroad*, 210 Mass. 553, 555. Such evidence bore upon the due care of the plaintiff in being where she was when injured.

*Exceptions overruled.*