CATHERINE HALLINAN *vs.* WORCESTER CONSOLIDATED STREET RAILWAY COMPANY.

AUSTIN W. KEANE *vs.* SAME.

CATHERINE KEANE *vs.* SAME.

Worcester.   September 22, 1930. — October 2, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, SANDERSON, & FIELD, JJ.

*Negligence*, Street railway.

At the trial of three actions of tort against a street railway company by a boy three years of age, his mother, and a companion, for personal injuries received when they were thrown by reason of the manner in which a street car was started after they had boarded it, there was evidence that the car was a "one-man" car having an aisle through the center with a seat on each side near the front running parallel with the car and beyond that cross seats on each side of the aisle; that it had a coin box for fares near the motorman; that the front vestibule, through which the plaintiffs entered, was one step down from the level of the car floor; that the companion, holding the boy by the hand, was in the vestibule and starting to go farther into the car as the mother was paying the motorman the fares; that, when the mother was about to go farther into the car, it started

with such a jerk that the boy's hand was taken from the companion's and he was thrown against a cross seat on which he was about to sit and hit a seat running lengthwise, causing injury to his mouth, the companion was thrown about three feet against a seat injuring her arm and tearing her dress, and the mother was thrown about five or six feet into the car and was stretched full length upon the floor, striking upon and bruising her side, head, back and thigh and tearing her clothing. None of the plaintiffs had hold of a strap, bar or seat at the time. No witness was called by the defendant to deny that the car started in the manner described by the plaintiff, or to explain why it so started. *Held,* that

(1) The fact that one of the three passengers who had boarded the car was a child three years of age was known or should have been known to the motorman;

(2) Although the motorman was not negligent in starting the car when he did, on the evidence a finding was warranted that the manner in which he started it constituted negligence which caused the injuries to the plaintiffs.

THREE ACTIONS OF TORT. Writs dated February 18, 1928.

In the Superior Court, the actions were tried together before *Whiting,* J. Verdicts were recorded for the plaintiffs in the sums of $200, $50, and $1,500, respectively, leave having been reserved under G. L. c. 231, § 120. Thereafter the judge granted motions by the defendant that verdicts be entered in its favor. The plaintiffs alleged exceptions.

*W. A. Garrity,* for the plaintiffs.

*S. B. Milton,* (*C. C. Milton* with him,) for the defendant.

SANDERSON, J. These are three actions of tort in which the plaintiffs seek to recover damages for injuries received while riding as passengers on a car of the defendant. The jury returned verdicts for the plaintiffs and thereafter, subject to exception by the plaintiffs, the trial judge directed that verdicts be entered for the defendant in accordance with leave reserved under G. L. c. 231, § 120.

The testimony tended to prove that the three plaintiffs boarded the car at the same stopping place, entering through the front vestibule, the floor of which was one step down from the level of the car floor. It was a one-man car having an aisle through the center with a seat on each side near the front running parallel with the car, and beyond

that cross seats on each side of the aisle, and it had a coin box for fares near the motorman.   Mrs. Keane paid the fares, after the motorman made change for her, while the others were in the vestibule or starting to go into the car. When Mrs. Keane was about to enter the car it started with a jerk.   Austin Keane, a three year old boy, the son of Mrs. Keane, held the plaintiff Hallinan by the hand as they entered.   When the jerk came his hand was taken from hers and he was thrown against a cross seat on which he was about to sit and hit a seat running lengthwise, causing injury to his mouth.   Miss Hallinan was thrown about three feet against a seat injuring her arm and tearing her dress. Mrs. Keane testified that the car started so fast that "it took us from our feet and threw us flat in the car."   She was thrown about five or six feet into the car and was stretched full length upon the floor, striking upon her side, head, back and thigh and tearing her clothing.   She had a black and blue spot on her temple "about four inches long," and a bruise on her right shoulder extending to her wrist so that the arm was mostly black and blue.   There was a similar discoloration about three inches wide on her leg extending to the ankle.   No witness was called by the defendant to deny that the car started in the manner described by the plaintiff, or to explain why it so started.   See *Nolan* v. *Newton Street Railway*, 206 Mass. 384.   None of the plaintiffs had hold of a strap, bar or seat at the time.   The fact that one of the three passengers who had boarded the car was a child three years of age was known or should have been known to the motorman.   See *Hamilton* v. *Boston & Northern Street Railway*, 193 Mass. 324, 326; *Glennen* v. *Boston Elevated Railway*, 207 Mass. 497, 500.   The motorman was not negligent in starting the car when he did. *Benoit* v. *Boston & Northern Street Railway*, 216 Mass. 320. *Flanagan* v. *Boston Elevated Railway*, 216 Mass. 337.   *Martin* v. *Boston Elevated Railway*, 216 Mass. 361.   *Seidenberg* v. *Eastern Massachusetts Street Railway*, 266 Mass. 540.

The question to be decided is whether the evidence would support a finding that the motorman was negligent in the manner of starting the car.   "It is settled that jerks while

running, jerks in stopping and starting to let off and take on passengers, jolts in going over frogs or switch points, and lurches in going around curves are among the usual incidents of travel in electric cars which every passenger on them must expect to encounter, and that if a passenger is injured by such a jerk, jolt or lurch the company is not liable. On the other hand an electric car can be started and stopped, for example with a jerk so much more abrupt and so much greater than is usual that the motorman can be found to be guilty of negligence and the company liable. The difference between the two cases is one of degree." *Work* v. *Boston Elevated Railway*, 207 Mass. 447, 448.

In the case at bar the jury could find that the physical facts to which the witnesses testified indicated that the jerk with which the car was started was greater than those incidental to the ordinary operation of a street car and outside that of ordinary experience, and they could infer that it indicated negligent operation of the car by the motorman. The testimony in the case brings it within the principle stated in *Convery* v. *Eastern Massachusetts Street Railway*, 252 Mass. 418, *Warren* v. *Boston Elevated Railway*, 259 Mass. 226, *Weiner* v. *Boston Elevated Railway*, 262 Mass. 539, 541, *Pickard* v. *Boston Elevated Railway*, 267 Mass. 133, and it is distinguishable in its facts from *McGann* v. *Boston Elevated Railway*, 199 Mass. 446, *Craig* v. *Boston Elevated Railway*, 207 Mass. 548, *Gollis* v. *Eastern Massachusetts Street Railway*, 254 Mass. 157, *Walsh* v. *Boston Elevated Railway*, 256 Mass. 17, *Chandler* v. *Boston Elevated Railway*, 261 Mass. 230, *Binder* v. *Boston Elevated Railway*, 265 Mass. 589, and *Seidenberg* v. *Eastern Massachusetts Street Railway*, *supra*.

> *Exceptions sustained.*
> *Original verdicts of jury to stand.*
> *Judgment for plaintiffs on those*
> *verdicts.*