ELLA M. DESAUTELS *vs.* MASSACHUSETTS NORTHEASTERN STREET RAILWAY COMPANY.

Essex. April 13, 1931. — September 9, 1931.

Present: RUGG, C.J., CARROLL, WAIT, SANDERSON, & FIELD, JJ.

*Negligence*, Street railway. *Evidence*, Presumptions and burden of proof.

The mere starting of a "one man" electric street car when a passenger is within the car and is on his way to a door in the act of leaving it will not warrant a finding of negligence on the part of the operator of the car.

A street railway company is not liable for injuries to passengers caused by sudden jolts and jerks in the operation of a "one man" car which are the ordinary incidents of travel upon electric cars.

At the trial of an action against a street railway company by a woman passenger upon a "one man" electric street car for damages resulting from her being caused to fall owing to the way in which the car was

started as, for the purpose of alighting after the car had stopped to discharge passengers, she was on her way to the front door from a seat about twenty feet back in the car, it was *held*, that

(1) Testimony by the plaintiff that she saw the motorman's hand on the "control" and that he "turned the control all around" was not evidence that he was negligent in applying power where there was no evidence of the "construction and operation of the appliances by which the current is transmitted to the moving mechanism of the car";

(2) A statement by the plaintiff, that when the car started she felt "as if somebody pulled a carpet from under her feet, and . . . the car seemed to leap forward," did not warrant an inference that the car was started in an unusual way;

(3) Evidence that, by the starting, the plaintiff was thrown back about four or five feet, striking her left knee against a seat, and falling to the floor so that her head was eight or ten feet back of the place where she stood when the car started, and that a slight dislocation of her knee resulted from its striking the seat, did not warrant a finding that the starting of the car was anything more than an ordinary jolt or jerk, it not appearing that the plaintiff's hold on anything was broken by the starting.

TORT. Writ dated May 14, 1925.

In the Superior Court, the action was tried before *Dillon,* J. Material evidence is stated in the opinion. At the close of the plaintiff's evidence, the judge ordered a verdict for the defendant. The plaintiff alleged exceptions.

*W. G. Todd*, for the plaintiff.

*J. P. Cleary*, for the defendant.

FIELD, J. This is an action of tort to recover damages for personal injuries alleged to have been sustained by the plaintiff by reason of the defendant's negligence when she was riding as a passenger in an electric street car, owned and operated by the defendant. A verdict for the defendant was directed upon its motion therefor and the plaintiff excepted. The parties agreed "that if the court was in error in directing a verdict, judgment should be entered for the plaintiff in the sum of $3,500; otherwise, judgment to be entered for the defendant."

The plaintiff contends that the operator of the car started it negligently as she was in the act of leaving it. The evidence tended to show the following facts: The plaintiff was a passenger on a "one-man car" owned and operated by the defendant. There were six cross seats on each side

of the aisle, and side seats in front of the cross seats. The plaintiff sat on the fifth cross seat from the front on the right as the car proceeded. The first cross seat was eight to ten feet from the motorman and the seat on which the plaintiff sat was an equal distance back of the first cross seat. The plaintiff signalled for the car to stop and remained seated until it stopped. While two women who had been seated on one of the side seats were alighting, the plaintiff walked forward until she was about at the first cross seat, then the car started and the plaintiff was thrown back some distance. Her left knee struck the iron part — which was about at the height of her knee from the floor — of the third cross seat from the front on the left, and she fell to the floor. She testified that "her head was in the aisle . . . her feet were also; and . . . she was then about on a line with the seat on which she had originally been sitting," and that her knee was hurt when it struck the seat. There was medical testimony as to the nature of the injury.

The verdict was directed rightly.

The evidence did not warrant a finding that the car was started negligently in respect either to time or to manner of starting. Under the decision of *Gollis* v. *Eastern Massachusetts Street Railway*, 254 Mass. 157, it is not negligence merely to start a car "when a passenger is in the act of leaving it, if at the time he is within the body of the car." Page 158. See also *Chandler* v. *Boston Elevated Railway*, 261 Mass. 230. There was no material difference as to the time of starting the car between the facts of the *Gollis* case and those of the case at bar.

A "common carrier of passengers is not responsible for those sudden jolts or jerks which are the ordinary incidents of travel upon electric cars" (*Chandler* v. *Boston Elevated Railway*, 261 Mass. 230, at page 231; see also *Work* v. *Boston Elevated Railway*, 207 Mass. 447, 448; *Walsh* v. *Boston Elevated Railway*, 256 Mass. 17, 18), and the evidence in this case did not warrant a finding that the car was started with anything more than such an ordinary jolt or jerk.

There was no direct evidence of the way in which the operator started the car. The plaintiff's testimony that she

saw his hand on the "control" and that he "turned the control all around" was not evidence that he was negligent in applying power. The "construction and operation of the appliances by which the current is transmitted to the moving mechanism of the car" are not matters of general knowledge (*Nolan* v. *Newton Street Railway*, 206 Mass. 384, 389), and this testimony without further explanation would not support the conclusion that the operator improperly "threw on the whole power at once and with a rush in place of putting it on slowly," so as to bring the case within *Cutts* v. *Boston Elevated Railway*, 202 Mass. 450, 454. Compare *Convery* v. *Eastern Massachusetts Street Railway*, 252 Mass. 418, 421–422.

The plaintiff's statement that when the car started she felt "as if somebody pulled a carpet from under her feet, and . . . the car seemed to leap forward," though vivid, was not such a plain description of fact, rather than "mere expletive or declamatory words or phrases," as to warrant an inference that the car was started in an unusual way. *Foley* v. *Boston & Maine Railroad*, 193 Mass. 332, 335. *Seidenberg* v. *Eastern Massachusetts Street Railway*, 266 Mass. 540, 542, and cases cited. This evidence falls short of that in *Nolan* v. *Newton Street Railway*, 206 Mass. 384, 388–389. See *Convery* v. *Eastern Massachusetts Street Railway*, 252 Mass. 418, 420–421.

The evidence of physical facts resulting from the starting of the car did not indicate that it was started with an unusual jolt or jerk. As the plaintiff "was not holding on to anything" when she walked toward the front of the car, no firm hold was broken (see *McRae* v. *Boston Elevated Railway*, ante, 82, 83–84, and cases cited), and the fact, without more, that in these circumstances she was thrown off her balance and fell is not enough to show negligent operation. *Griffin* v. *Springfield Street Railway*, 219 Mass. 55, 56. The distance which she fell and the force of the impact of her knee against the seat of the car, as indicated by the nature of her injury, were not inconsistent with an unexpected but usual starting of the car when she was walking in the aisle without "holding on to anything."

The jury could have found that the plaintiff was thrown back in the aisle four or five feet, striking her left knee against a seat, and falling to the floor so that her head was eight or ten feet back of the place where she stood when the car started, and that a slight dislocation of her knee resulted from its striking the seat. There was testimony that such a dislocation could have been caused by some violence from within or without, and the degree of violence necessary to cause such an injury was described variously as "severe," "quite forceful" and "substantial." This evidence, however, does not show that such a dislocation could not have been caused by the plaintiff's being thrown off her balance and falling by reason of an ordinary jolt or jerk, and, consequently, does not show that there was anything more than such a jolt or jerk. See *Binder* v. *Boston Elevated Railway*, 265 Mass. 589. The case is governed by *Walsh* v. *Boston Elevated Railway*, 256 Mass. 17.

The plaintiff relies upon *Convery* v. *Eastern Massachusetts Street Railway*, 252 Mass. 418, *Weiner* v. *Boston Elevated Railway*, 262 Mass. 539, *Pickard* v. *Boston Elevated Railway*, 267 Mass. 133, and *Hallinan* v. *Worcester Consolidated Street Railway*, 273 Mass. 27. These cases are distinguishable on their facts from the case at bar. In the *Weiner* and *Pickard* cases it appeared that firm holds were broken. In the *Convery* case there was evidence that the plaintiff was thrown a greater distance than the plaintiff in this case, not, as here, to the floor, but against the rear dashboard of the car, with such force that her shoulder and arm were injured, her leg was broken and her arm was "wedged in" back of the brake rod. In the *Hallinan* case there was evidence that three persons were thrown against seats or to the floor by starting of the car.

It follows that judgment must be entered for the defendant.

*So ordered.*