Pettingell, J.
The defendant, as appellant, relies for error upon the denial of the following requested rulings.
1. Upon all the law and the evidence the plaintiff is not entitled to recover for the reason that he has not sustained the burden of proof that the defendant was negligent.
*31 2. The evidence does not warrant a finding that the defendant was negligent.
6. The evidence does not warrant a finding that there was any defect in the ear or track, or any carelessness in running the train.
These requests are based upon the question of the sufficiency of the evidence to warrant certain findings; in particular, a finding that the defendant was negligent.
The evidence of the plaintiff was, that having entered the defendant’s train and secured a seat, he left his seat and walked forward to the end of the car intending to get a drink. Near the front end of the car he saw a card game which he stopped to watch. The train came to a stop and the plaintiff got his drink. While he was standing facing the drinking fountain, the train started with a double jerk, which he. described as “sudden and extraordinary”, and he was thrown against the side of the wash room. As he fell he grabbed the door knob of the wash room firmly but went down; men standing nearby helped him up. The only testimony descriptive of the violence of the “double jerk,” other than that it was “sudden and extraordinary,” was the plaintiff’s testimony that some of the playing cards, standing on the cardboard used as a playing surface • for the card game, “went on the floor.”
It has been held repeatedly that jolts and jerks in the starting of electric cars and railroad trains are matters of common knowledge and are necessary in the operation of such conveyances, Weinschenk v. New York, New Haven & Hartford Railroad, 190 Mass. 250, at 251, 252. They must be anticipated and their consequences guarded against by passengers. Phinney v. Eastern Massachusetts Street Ry., 285 Mass. 207, at 208. Liability of the defendant exists only if the movements are unusual or extraordinary. Phinney v. Eastern Massachusetts Street Ry., supra.
In order to recover, the plaintiff here had the burden of proving that the jerks were “unusual and extraordinary.” *32 The fact that he fell is not such proof, for “what in fact happens to the person of a passenger * * * may depend upon the passenger’s firmness of hold condition as to balance as well as upon the degree of violence of the movements of the car. The fact that the plaintiff was thrown off balance, in the absence of evidence as to her state of balance at the time the car started, does not warrant the conclusion that the starting was unusual in violence,” Phinney v. Eastern Massachusetts Street Ry., supra, at 208, 209; Seidenberg v. Eastern Massachusetts Street Ry., 266 Mass. 540, at 543; Desautels v. Massachusetts Northeastern Street Ry., 276 Mass. 381, at 384.
Nor is the violence of the jerks in starting demonstrated by the use of descriptive words. “The case is illustrative of many which have come before this court where a plaintiff by the use of violent descriptive epithets as to the nature of the starting of the car, together with testimony of injury has sought to sustain his burden of proof. Uniformly it has been held that that is not enough. Anybody standing in an electric car is liable to be thrown off his balance and to fall as a result of such starts and jerks,” Griffin v. Springfield, Street Ry., 219 Mass. 55, at 56.
“The testimony of the plaintiff that the car started with ‘a terrible jump’ and that she ‘got the sensation that the floor of the car was going to be torn from under * * * (her) and * * * (she) was going-through to the street’ standing alone was not evidence of negligence on the part of the operator of the car. It has frequently been held that, as electric ears ordinarily cannot be started without any jerk or jolt, descriptions of such startings similar to that given by the plaintiff are not descriptions of a physical fact and do not indicate negligence of the operator.” Convery v. Eastern Massachusetts Street Ry., 252 Mass. 418, at 420, 421.
The plaintiff’s case depends entirely upon his testimony as to the jerks, his fall, his description of the jerk as: “sud *33 den and extraordinary,” and Ms testimony that part of a pack of playing cards “went on the floor.” There is no evidence that anyone else in the car was injuriously affected or even physically disturbed by the jerks, although other passengers were standing. When the fact of the fall, and the descriptive testimony of the violence of the jerks, are eliminated as evidence of negligence, there is not much left to support the plaintiff’s contention.
In the cases where recovery has been allowed a plaintiff under such circumstances, there has been direct evidence of substantial personal injury of the plaintiff and of other persons thrown violently down, or of other indubitable acts or consequences which plainly demonstrate an application of force which is unusual and extraordinary; Convery v. Eastern Massachusetts Street Ry., 252 Mass. 418, at 421, where the plaintiff was thrown six feet and her right leg broken and her shoulder and arm injured; Hallinan v. Worcester Consolidated Street Ry., 273 Mass. 27, at 28, where three plaintiffs were thrown down, and one of them badly injured and her clothing torn. In the cases cited there is positive and specific evidence which conveys to the mind a picture of the violence applied to the plaintiff’s person, which is both definite and convincing.
In the case under consideration there was no such evidence and no such certain portrayal of violence. The three rulings requested by the defendant should have been given and their denial was prejudicial error. The plaintiff is not entitled to a new trial.
The finding for the plaintiff is to be vacated and judgment is to be entered for the defendant.