CATHERINE B. McRAE *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Middlesex.    April 10, 1931. — June 23, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, WAIT, SANDERSON, & FIELD, JJ.

*Negligence,* Motor bus.

Testimony by a woman at the trial of an action by her for personal injuries sustained by reason of the manner in which a motor bus of the defendant was started after she had entered it and was proceeding to a seat, that, after she had stepped up from the platform at the entrance, she took hold of a handlebar, and "just went to raise" her foot up, when "the bus started and it broke my grip on this handlebar and threw me right around against the handle of the second seat, threw my bundles in the seat, and I landed . . ." warranted submission of the action to the jury and a finding for the plaintiff.

TORT for personal injuries sustained by the plaintiff while a passenger on a motor bus of the defendant. Writ dated January 23, 1929.

In the Superior Court, the action was tried before *Brown,* J. Material evidence is stated in the opinion. The judge denied a motion by the defendant that a verdict be ordered in its favor. There was a verdict for the plaintiff in the sum of $500. The defendant alleged exceptions.

*A. F. Bickford,* for the defendant.

*A. J. Zimmerman,* (*S. Zimmerman* with him,) for the plaintiff.

The case was argued at the bar in April, 1931, before *Rugg,* C.J., *Carroll, Wait, Sanderson,* & *Field,* JJ., and afterwards was submitted on briefs to all the Justices.

SANDERSON, J.   This is an action of tort to recover damages for personal injuries received by the plaintiff while a passenger on a motor bus of the defendant.   The declaration alleges negligent operation of the bus by its agent or employee.   The jury found for the plaintiff and the case comes to this court upon the defendant's exception to the refusal of the judge to direct a verdict in its favor.

The plaintiff testified that the bus stopped at Union Square and "just as I got in, there is a little platform there, and there [are] two steps right as you turn around to get up.  I got on the platform and got up;  and there was one seat, there was a lady sitting in the first seat here;  and I took hold of that handlebar, just went to raise my foot up, and the bus started and it broke my grip on this handlebar and threw me right around against the handle of the second seat, threw my bundles in the seat, and I landed in the — the lady in front of me."   She also testified that the doors of the bus did not close for two stops after it left the place where she got on;  that it seemed to start "with a leap, a sudden jump";  that "after the accident she noticed her side was black and blue, just like a mark of bruised blood, where she had been hurt by the handle of the seat."   In cross-examination she testified that she had a bundle in her right hand;  that she did not fall to the floor;  that she came in contact with the second seat although the lady she referred to was in the first seat;  that she was on the platform or main floor of the bus, but when the bus started she had one foot on the platform and was just going to raise the other one;  that she was then close to the second seat and that the driver knew nothing about the accident.   The defendant offered no evidence except on damages.

In the absence of proof of special circumstances a street railway company may start a street car which has stopped to take on passengers as soon as all are fully and fairly within it.   *Sauvan* v. *Citizens' Electric Street Railway*, 197 Mass. 176.   *Seidenberg* v. *Eastern Massachusetts Street Railway*, 266 Mass. 540, 542.   *Boston Elevated Railway* v. *Smith*, 168 Fed. Rep. 628.

The plaintiff's testimony that her grip was broken could

be found to mean that she had a firm hold, upon the bar, which was broken, and this evidence, in connection with the other physical facts to which she testified, brings the case within the authority of the decisions holding that, when a jerk or jolt is so unusual and severe as to break a firm hold by a passenger, this fact, with other circumstances, may make the question of the defendant's negligence one of fact for the jury. *Work* v. *Boston Elevated Railway*, 207 Mass. 447. *McCarthy* v. *Boston Elevated Railway*, 207 Mass. 551. *Warren* v. *Boston Elevated Railway*, 259 Mass. 226, 229. *Weiner* v. *Boston Elevated Railway*, 262 Mass. 539. *Revsbech* v. *Boston Elevated Railway*, 275 Mass. 317. See *Seidenberg* v. *Eastern Massachusetts Street Railway*, 266 Mass. 540, 543. No contention has been made that the differences in the two modes of transportation should lead us to adopt a rule in respect to jerks and jolts of motor buses in stopping and starting different from that which obtains in the case of street railway cars. In the opinion of a majority of the court the evidence justified submitting the case to the jury.

*Exceptions overruled.*