ELIZABETH DORMAN vs. WORCESTER CONSOLIDATED STREET
RAILWAY COMPANY.

Worcester.   September 21, 1931. — October 2, 1931.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Negligence*, Motor bus. *Evidence*, Presumptions and burden of proof.
*Witness*, Conflicting and correcting statements.

At the trial of an action for personal injuries against a corporation oper-
ating a motor bus, there was evidence that the bus at night was
standing on the side of the road in a slanting position, one half of it
being on the shoulder of the road and the other half on the pavement;
that the plaintiff boarded the bus, paid his fare and started for a
seat; that the aisle was so narrow that he had to walk sideways in a
stooping position; that, as he was going to his seat, the operator
started the bus and at the same time put out the lights so that he
could not see where to go; and that the bus gave "one jump ahead
and then backwards again," whereupon he was thrown down and
injured. *Held*, that a finding of negligence on the part of the oper-
ator was warranted.
In the circumstances, a certain statement previously made by the plaintiff
was not essentially inconsistent with his testimony at the trial above
described, nor was the plaintiff bound by the statement, although it
did not recite that the lights in the bus were turned out or that the
plaintiff was forced to walk down the aisle sideways in a stooping
position.

TORT.   Writ dated June 5, 1928.

The action was tried in the Superior Court before *Collins*,
J.   Material evidence is stated in the opinion.   The judge
denied a motion by the defendant that a verdict be ordered
in its favor.   There was a verdict for the plaintiff in the
sum of $896.91 recorded subject to leave reserved under G. L.
c. 231, § 120.   The judge denied a motion by the defendant
that a verdict be entered in its favor and reported the
action for determination by this court.

The case was submitted on briefs.

*S. Seder, S. A. Seder, & S. Lurier*, for the defendant.

*D. F. Gay*, for the plaintiff.

CROSBY, J.  This is an action of tort to recover for personal injuries received by the plaintiff on February 13, 1928, while a passenger on a motor bus owned and operated by the defendant.  The jury returned a verdict for the plaintiff.

The plaintiff testified that at the time of the accident she was employed cleaning offices; that she worked from 9 P.M. until 5 A.M.; that the day of the accident she left her house about 6.15 P.M. and it was dark at that time; that when she arrived at the place where she took the bus, it was waiting for her and the door was open; that when she entered it was lighted; that after dropping her fare in the box she started for a seat; that the passageway or aisle was so narrow that she had to walk sideways and stoop down; that the bus was on the side of the road and stood in a slanting position, one half of it being on the shoulder of the road and the other half on the granolithic pavement; that as she was going to a seat the operator started the bus and at the same time put out the lights; that it was dark and she could not see where to go; that the bus gave "one jump ahead and then backwards again," and she was taken off her feet; that she was unable to maintain her balance and did not see anything to seize hold of because of the darkness; that she was thrown down and her shoulder struck on the corner of a seat; and that when she attempted to leave the bus she was unable to raise her hand to take hold of the seat in front of her.

The physical facts as testified to by the plaintiff, that the bus was standing by the side of the road in a slanting position, that the plaintiff had to stoop down and walk sideways to reach a seat, and that the operator put out the lights and started the bus with a "jump ahead and then backwards again," presented proof of special circumstances which warranted a finding of negligent operation causing the injuries which the plaintiff sustained.  *Sullivan* v. *Boston Elevated Railway*, 224 Mass. 405.  *McAvoy* v. *Boston Elevated Railway*, 275 Mass. 9.  *McRea* v. *Boston Elevated Railway*, 276 Mass. 82.

During the course of the trial a statement in writing, which the plaintiff had admitted she had signed, was introduced in

evidence by the defendant. In it the plaintiff described the circumstances substantially as she had previously testified, except that it did not contain any statement that the operator extinguished the lights after she boarded the car, that she had to walk down the aisle sideways because the passage was narrow, and that she had to walk down the aisle stooped, with her knees slightly flexed and body bent because that was the way she had to walk in a bus. Before the defendant had introduced in evidence the written statement the plaintiff was questioned by its counsel as follows: "Q. And is that the true story as to how the accident happened? A. Yes, sir. — Q. And there isn't any question about it, is there? A. No." The plaintiff was then shown the statement and was further questioned by counsel for the defendant: "Q. And that is the story that you want to stand, is that right, as to how the accident happened? A. Yes. — Q. And there is no question about it, is there? Yes or no. A. Why, yes. — Q. This is the story as to how the accident happened? A. Yes, it is, but —" At this time counsel for the defendant objected and the witness was not allowed to answer further. The plaintiff's counsel then asked her: "But what?" And she replied: "Why, there is nothing mentioned there about the lights." To this answer the defendant objected and asked that it be struck out, to which the judge replied: "The latter part may go out, but in redirect I will allow it in." The contention of the defendant that the plaintiff made two materially different statements touching the accident and that she was bound by her written statement is without merit. We find nothing essentially inconsistent in the statement or in her testimony. In her testimony she affirmed substantially everything that appeared in her previous statement. The fact that she did not refer in the statement made before the trial to the lights being turned out when she entered the car, or that she had to walk down the aisle sideways in a stooping position, did not make her testimony inconsistent with what she had previously stated. The decision in *Sullivan* v. *Boston Elevated Railway*, 224 Mass. 405, which held that when a

witness had made two materially different statements respecting an accident and finally adheres to one of them, the witness was bound by the statement last given as the truth, has no application to the facts in the present case.

The motion of the defendant for a directed verdict was rightly denied. In accordance with the terms of the report judgment is to be entered on the verdict.

*So ordered.*