ANNIE L. PHINNEY *vs.* EASTERN MASSACHUSETTS STREET
RAILWAY COMPANY.

Essex.  April 5, 1933. — February 13, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Negligence,* Street railway.

Evidence, at the trial of an action for personal injuries against a street
railway company, that the plaintiff boarded a "one-man" car of the
defendant and was walking down the aisle, holding onto the handles
of the seats, when the car started with a jerk; that the plaintiff was
jerked backward and forward and his hands were wrenched from the
handles; and that he lost his balance and fell or "lurched" over a
suitcase in the aisle and finally fell to the floor at a point distant by
the space occupied by four cross seats from the point where he was
when the car started, there being no evidence to show the state of
his balance when the car started or the firmness of his hold on the
handles of the seats as he walked down the aisle, did not warrant a
finding that the operator of the car was negligent in that he started it
in a manner that was unusual in violence.

Further evidence at the trial above described, that the suitcase was
"medium-sized" and was resting on the floor "lengthways of the aisle,"
close to the seat occupied by its owner, another passenger; that it had
been there while the car travelled the distance of a mile and a quarter,
there being no evidence that the operator knew of its presence, did
not warrant a finding that he was negligent in not discovering it and
causing its removal, or a finding that he had disobeyed instructions
of the defendant to watch out for anything that might interfere with
the free passage of passengers through the aisle.

TORT.  Writ dated July 24, 1928.

The action was tried in the Superior Court before *J. J.
Burns,* J.  Material evidence is stated in the opinion.  Sub-
ject to leave reserved, a verdict for the plaintiff in the sum
of $2,000 was recorded.  Thereafter the judge ordered
entered a verdict for the defendant.  The plaintiff alleged
exceptions.

*J. W. Coughlin,* for the plaintiff.

*S. Parsons,* for the defendant.

DONAHUE, J.  The plaintiff boarded a "one-man" street
railway car of the defendant by way of the front door and

was walking in the aisle toward a vacant seat when the car was started by its operator and the plaintiff was thrown to the floor. The trial judge after a verdict for the plaintiff directed the entry of a verdict for the defendant under leave reserved. G. L. (Ter. Ed.) c. 231, § 120.

It was not negligent for the operator to start after the plaintiff was within the body of the car and before she had reached a seat. *Binder* v. *Boston Elevated Railway*, 265 Mass. 589. Nor is the defendant liable if the movements of the car which caused the plaintiff to fall were such as ordinarily accompany the starting of street cars, for movements of that character must be anticipated and their consequences guarded against by passengers. *Desautels* v. *Massachusetts Northeastern Street Railway*, 276 Mass. 381, and cases cited. Witnesses to the accident who testified other than the plaintiff did not describe any abnormal or extraordinary movements of the car or unusual effects upon themselves when the car was set in motion. The question here presented is whether the plaintiff's own description of the happening can be said to furnish adequate basis for a finding by a jury that the starting of the car was attended by movements which were unusual and extraordinary and thus of the sort to impose legal liability on the defendant. The plaintiff testified that she was walking up the aisle toward the rear, helping herself along by taking hold of the handles on the seats on each side of the car, when it started with a jerk; that she was jerked backward and then forward, her hands were wrenched back and came off the seats, she was not able to hold on, was thrown off her balance, lost control of herself, and was thrown and fell over another passenger's suitcase which was beside a seat and in the aisle.

Undoubtedly movements of the car in starting played a part in the plaintiff's accident but liability of the defendant arose only if those movements were unusual or extraordinary. What in fact happens to the person of a passenger walking in a street car in the manner and under the circumstances here described may depend upon the passenger's firmness of hold and condition as to balance as well

as upon the degree of violence of the movements of the car. The fact that the plaintiff was thrown off balance, in the absence of evidence as to her state of balance at the time the car started, does not warrant the conclusion that the starting was unusual in violence (see *Griffin* v. *Springfield Street Railway*, 219 Mass. 55, 56). There was no description or characterization by the plaintiff of the firmness of her hold on the car seats as she walked up the aisle. (Compare *Black* v. *Boston Elevated Railway*, 206 Mass. 80; *Work* v. *Boston Elevated Railway*, 207 Mass. 447; *McCarthy* v. *Boston Elevated Railway*, 207 Mass. 551; *Weiner* v. *Boston Elevated Railway*, 262 Mass. 539; *Revsbech* v. *Boston Elevated Railway*, 275 Mass. 317; *McRae* v. *Boston Elevated Railway*, 276 Mass. 82.) She testified that her hands were wrenched from the seats, but a description in terms of violence of the movements of a car in starting, or of their alleged effects, does not warrant the conclusion that the movements were unusual and extraordinary. *Seidenberg* v. *Eastern Massachusetts Street Railway*, 266 Mass. 540, 542 and cases cited. The distance from the point where the plaintiff was when the car started and the place where she finally fell upon the floor does not appear in feet but there was evidence from which it might have been found that the distance was the space occupied by four cross seats. Between those two points she "fell" or "lurched" over a suitcase in the aisle which was some distance from the place where she eventually fell. Assuming, as the plaintiff testified, that she would have fallen in the aisle even if the suitcase had not been there, it by no means follows that her fall to the floor would have been at the point where it in fact was. In all the circumstances here appearing we do not think that from the manner and place of her falling it could be inferred that the movements of the car in starting were unusual rather than usual.

The plaintiff also contends that she was entitled to go to the jury on the question whether the operator was negligent in allowing the suitcase to remain in the aisle. There was evidence that at the time of the accident a "medium-sized" lady's suitcase was resting on the floor "lengthways

of the aisle," close to the seat occupied by its owner, another passenger, and that it had been there while the street car travelled the distance of a mile and a quarter. There is no evidence that the operator knew of its presence. The carrying of hand bags by passengers in street cars and their deposit occasionally on the floor of the car are ordinary incidents of travel. "Such things reasonably and intelligently done do not constitute sources of danger." *Lyons* v. *Boston Elevated Railway*, 204 Mass. 227, 228. *Jackson* v. *Boston Elevated Railway*, 217 Mass. 515, 516. *Pitcher* v. *Old Colony Street Railway*, 196 Mass. 69. We do not think that the fact that the suitcase was on the floor in the place and for the time shown by the record would warrant the finding that the operator was negligent in not discovering it and causing its removal. The plaintiff offered in evidence a rule of the defendant which forbade the bringing into its cars of certain enumerated articles "or any other articles of above nature" that might interfere with the accommodation of or be offensive or injurious to passengers. The suitcase did not come within the forbidden class of articles and hence there was no evidence of a violation of that rule. (See *Guinan* v. *Famous Players-Lasky Corp.* 267 Mass. 501, 524.) The operator testified that he had been told to watch out for anything that might interfere with the free passage of passengers through the aisles. The location and the size of the suitcase as shown by the evidence did not warrant a finding that the operator violated that injunction.

*Exceptions overruled.*