MARY JOHNSON *vs.* BERKSHIRE STREET RAILWAY COMPANY.

Berkshire.   September 17, 1935. — October 31, 1935.

Present: RUGG, C.J., PIERCE, FIELD, LUMMUS, & QUA, JJ.

*Negligence,* Bus.

That a motor bus started with such a jerk as to break a standing passenger's hold upon a seat and throw him to the floor with ensuing serious injury, and also to affect other passengers, was evidence of the driver's negligence.

TORT. Writ in the District Court of Central Berkshire dated March 2, 1934.

The action was heard in the District Court by *Hibbard,* J., who found for the plaintiff in the sum of $300. A report to the Appellate Division for the Western District was ordered dismissed. The defendant appealed.

*W. J. Donovan,* for the defendant.

*P. J. Genovese,* for the plaintiff.

QUA, J.  The only question argued is whether there was any evidence to support the finding that the defendant was negligent.

There was evidence that the plaintiff, a middle-aged woman, boarded the defendant's motor bus at a regular stopping place in Pittsfield; that she had entered the bus, taken one step down the aisle "opposite the first seats" and had grasped the back of one of those seats, "when the operator started the bus with a sharp and quick jerk and a swing to the left; that by reason thereof, she lost her grip upon the seat, fell against the side of the second seat and thence to the floor"; that the sudden quick start affected two other passengers, "their heads being thrown back with an emphatic snap or jerk"; that the plaintiff "received severe injuries to her side and back and strained the sacro-iliac region"; and that she remained in the hospital twelve days.

The principle is well established that where a passenger in a street car seeks to recover damages for personal injury resulting from a sudden jerk or lurch, he must carry the burden of proving that the movement of the vehicle was so far in excess of that ordinarily to be expected in normal operation as to lay a foundation for a reasonable inference of negligence.  He must show this by evidence of acts or of physical facts and not merely by the accumulation of adjectives and adverbs denoting violence.  *Work* v. *Boston Elevated Railway*, 207 Mass. 447.  The same burden rests upon a passenger in a motor bus.  *Dorman* v. *Worcester Consolidated Street Railway*, 277 Mass. 95.  See *McRae* v. *Boston Elevated Railway*, 276 Mass. 82, 84.

Beyond the principle just stated, the question becomes one of degree in each case, and it is impossible to lay down any rule of general application.  Not a few cases are so close that opinions may well differ.  This is one of them.  However, we think the evidence went beyond the mere characterization of the alleged jerk as "sharp and quick," and that the testimony as to the effect upon other passengers, the loss of the plaintiff's grip upon the seat and the extent of her injuries, taken together, is enough to support

the finding.   The case seems to us stronger for the plaintiff than *Phinney* v. *Eastern Massachusetts Street Railway*, 285 Mass. 207, cited by the defendant, and at least as strong as *McRae* v. *Boston Elevated Railway*, 276 Mass. 82, cited by the plaintiff.   Other relevant cases are *McCarthy* v. *Boston Elevated Railway*, 207 Mass. 551, *Warren* v. *Boston Elevated Railway*, 259 Mass. 226, *Weiner* v. *Boston Elevated Railway*, 262 Mass. 539, *Seidenberg* v. *Eastern Massachusetts Street Railway*, 266 Mass. 540, *Pickard* v. *Boston Elevated Railway*, 267 Mass. 133, *Hallinan* v. *Worcester Consolidated Street Railway*, 273 Mass. 27, and *Revsbech* v. *Boston Elevated Railway*, 275 Mass. 317.

<div align="center">

*Order of Appellate Division dismissing report affirmed.*