Morton, J.
This is an action of tort in which the plaintiff seeks to recover property damage alleged to have been sustained in an automobile accident. There was a trial before a justice of the District Court which resulted in a finding for the plaintiff. Upon report to the Appellate Division for the Northern District, there was a decision and order from the said Appellate Division as follows: “Finding for plaintiff vacated: Judgment for defendant. ’ ’ (1936 A. D. R. p. 21.) After the entry of this order of the Appellate Division, the plaintiff filed a motion for a new trial as follows: “Motion For a New Trial. Now comes the plaintiff in the above entitled action and moves that the Court order a new trial in order to prevent a failure of justice. By his Attorney, Robert Finn.” No affidavit of newly discovered evi *440 deuce was filed nor was any claim of newly discovered evidence or error of law made as reasons why a new trial should be granted.
The defendant then filed a motion for judgment as follows: “Defendant’s Motion For Judgment. Now comes the defendant in the above entitled case and moves that judgment may be entered for the defendant in accordance with the order of the Appellate Division. By his Attorney, Louis H. Casson.”
These motions were heard together before the Justice of the District Court who presided at the time of the original trial.
The defendant filed several requests for rulings to which it is unnecessary to refer to in detail. The Court refused to act upon, or even receive, these requests, and denied the motion for judgment, and allowed the motion for a new trial.
The defendant filed a request for a report which was dis-allowed, but no certificate was filed by the Court setting forth the reason or reasons for such dis-allowance.
No memorandum or certificate was filed setting forth the reason or reasons for the allowance of a motion for a new trial, but at the hearing before the Appellate Division upon the petition to establish the report it appeared that the trial court claimed to have the right to allow the motion for a new trial under the provisions of District Court Rules (1932) XXVT. The issue before us is whether the trial court had a right to grant a new trial under the circumstances hereinbefore set forth.
Chapter 231 of the General Laws (Ter. Ed.) will be hereinafter referred to as the statute. Section 124 of the statute provides in part as follows:
“Whenever a question in dispute at the trial of an issue .of fact in any civil action or proceeding depends *441 upon the decision of a question of law, the full bench of the supreme judicial court, upon appeal, exceptions or report or otherwise, may, if satisfied that it has before it all the facts necessary for determining the question in dispute, direct that such judgment or decree be entered or that such other action be taken as shall accord with the determination of the full court.”
Section 122 of the statute has similar language as to the power of the Court to direct the entry of judgment but contains the additional words, 1 ‘ and thereupon judgment shall so be entered”. Section 122 was construed in Libby v. New York, New Haven & Hartford R. R., 277 Mass. 1. The case had previously been before the Supreme Judicial Court upon exception of the defendant, and it was ordered that the defendant’s exception be sustained, and judgment be entered for it. Thereafter the plaintiff filed a motion to amend the declaration. This motion was denied, and the case reported for determination. The issue in the case was whether, after rescript from the Supreme Judicial Court ■ ordering judgment, the trial court had authority to allow amendments.
It is well to note here that the power granted to the Court by section 122 of the statute was originally contained in c. 236 of the Acts of 1909, and section 3 of that Act provided that nothing therein should be construed as affecting or limiting the power of the trial court to set aside a verdict and order a new trial for any cause for which a new trial may by law be granted. With regard to this the Court in the cited case says at page 5:
“That language is significant. The Supreme Judicial Court ‘may’ direct entries of judgment, ‘and thereupon judgment shall so be entered’. Section 3 is needed to preserve in the trial court authority ‘to set aside a verdict and order a new trial for any cause for which a new trial may by law be granted’. That section has *442 been separated from section 1 and 2 in the revision made by the General Laws; but continues in force as G. L. o. 231, >§131. This court is left at liberty to decide whether in circumstances within the purview of the statute an entry of judgment should be directed, but the trial court shall enter the judgment if so directed.”
With reference to the issue before us, and in referring to another case in which section 122 of the statute was upheld as constitutional, the court says at page 6:
“The opinion discusses at length the purpose and scope of the statute but does not, however, take up the question here raised with regard to the power left in the trial court. Had it been thought that the Superior Court still had power to do anything except enter the judgment ordered, that aspect would undoubtedly have been dealt with in connection with the right to jury trial.”
At page 7 the Court says:
“That the entry of judgment in the trial court after a rescript directing the entry is merely a clerical matter appears from the language in — ”
Under the provisions of section 110 of the statute the Appellate Division of each district court was given all the powers relating to civil actions tried without a jury given by section 124 of the statute to the Supreme Judicial Cou ft. Although section 122 is not applicable to the Appellate Division and contains the words above quoted which do not appear in section 124, we think that section 124 should be construed as if it contained these words. We say this because the grant of a power to the Appellate Division to direct that a certain judgment should be entered would seem necessarily to involve an obligation upon the trial court to enter the judgment so ordered. We feel, therefore, that the language in Libby v. Ñew York, New Haven *443 & Hartford R. R., above set forth, is applicable to the instant case, and that the order of this division, “Finding for plaintiff vacated; judgment for defendant”, is an order for the entry of judgment for the defendant, the entry of which was merely a clerical matter, and that the trial court had no power to do anything except enter the judgment ordered.
We are confirmed in our opinion by statements of the Supreme Judicial Court in various cases in which judgments were ordered in accordance with section 124 of the statute. For instance, in Walsh v. Cornwell, 272 Mass. 555 the last paragraph of the opinion at page 565 is as follows:
“It follows that the defendant’s exception to the denial of his motion to recommit the report must be overruled, but his exception to the order of judgment for the plaintiff for $4,900 with interest from the date of the writ must be sustained. As, however, ‘all the facts necessary for determining the question in dispute ’ are before us, and from them it appears that judgment should be entered for the plaintiff for $3,800 with interest from the date of the writ, under authority of Gr. L. c. 231, 4124, such judgment is to be entered.”
In Fratta v. Rossetti, 277 Mass. 95 at page 101 the Court says:
“If, however, such statement is not filed within thirty days from the date of the rescript, the exceptions^ may be sustained; but the general verdict for the plaintiff is to stand and the new trial is to be confined to the question whether the promissory note was fro tanto a payment on the account. If it is found to have been such payment, then the amount thereof with appropriate adjustment for interest is to be deducted from the verdict and judgment is to be entered for the plaintiff for the balance. If it is found not to have been such payment, then judgment is to be entered on the verdict originally returned. The Superior Court may allow appropriate amendments to the pleadings. East *444 man v. Steadman, 269 Mass. 250, 252. If such amendments are allowed, the issues may be changed accordingly.
So ordered.”
In Vrusho v. Vrusho, 258 Mass. 185 the following language appears in the opinion at page 188:
‘ ‘ The defendant urges that, if he should have pleaded in set-off, a new trial ought to be granted to enable him by amendment to raise this question, and that, the Appellate Division had no power to order judgment for the plaintiff. "While the Appellate Division, instead of ordering judgment, could have ordered a new trial, and this court can enter any order which the Appellate Division ought to have made, yet, the defendant having failed to prove payment of a debt admittedly due, cannot prevail, and no error of law appears in the reversal of the judgment in his favor or in the order of judgment for the plaintiff. ’ ’
Obviously the trial courts, after such orders, would have no jurisdiction to order new trials.
Again in Rooney v. Weeks, 1935 A. S. 609 the Court says at page 618:
“And when more damages fall due after the date of a final decree appealed from, this court may also give leave to amend after rescript to cover them. ’ ’
Bucholz v. Green Bros. Co., 1935 A. S. 1039 wag a case, in which a motion to amend the declaration in accordance with leave granted by rescript of the Supreme Judicial Court was allowed and the defendant excepted. The same motion had previously been dis-allowed by the judge during the course of the trial. With regard to such dis-allow-once, and the power of the Court after rescript, the Court says at page 1042:
“But such disallowance did not exhaust the power of the trial judge. And before judgment, where the motion was properly before him ... as here, on the *445 order of this court . . . there was no legal objection to the allowance by him for proper cause of a motion to amend which was substantially the renewal of the motion previously denied.”
Much of the language in the opinion in Boston Bar Association v. Casey, 227 Mass. 46 is applicable to the issue in the instant case.
Certain of the language in opinions involving the right of appeal to the Supreme Judicial Court from a decision of the Appellate Division would seem to be determinative of the issue in the case at bar. The statute provides that “an appeal to the Supreme Judicial Court shall lie from the final decision of the Appellate Division of any district court.” In Real Property Co. Inc. v. Pitt, 230 Mass. 526 the Court says at page 528:
“The test of the finality of a decision is whether it terminates the litigation on its merits, directs what judgment shall be entered, and leaves nothing to the judicial discretion of the trial court — ”
This language was quoted with approval in Endicott Johnson Corp. v. Hurwitz, 284 Mass. 378.
In Boucher v. Hamilton Manuf. Co., 259 Mass. 259, the Court says at page 266:
“. . . it is the general rule that after argument before this court no change can be made in the record. Attempts to correct alleged mistakes must be made before that stage is reached.”
The language of the opinion in Cheney v. Boston & Maine Railroad, 246 Mass. 502 at page 505, is particularly pertinent to the issue in this case. In that case the rescript was “exceptions sustained”. The case was a writ of error and the language of the opinion referred to is as follows:
“The rescript containing the simple mandate that the exceptions were sustained did not put the record of *446 the case in such condition that the entry of judgment became a clerical matter. The rescript did not contain a further direction respecting the entry of judgment, as was jurisdictionally possible under St. 1909, c. 236 (Gr. L. e. 231, §122), and is a course not infrequently pursued in appropriate instances.”
The direction relative to an entry of judgment is as jurisdictionally possible under section 124 of the statute as under section 122.
In view of the authorities above cited we are of the opinion that nothing was left to the discretion of the trial court after the entry of the order of this division; in consequence thereof the trial court had no right of its own motion or otherwise, or for any purpose, whether within the Buies of the District 'Courts, above referred to, or not, to allow a motion for a new trial or take any other action in the cause except to enter judgment as directed. Our opinion would be the same if the trial court had stated reasons for granting the motion for a new trial, and it appeared therefrom that it was to prevent a failure of justice.
An order will be entered vacating the action of the trial court in allowing the motion for a new trial, denying such motion, allowing the motion of defendant, and directing that judgment be entered for the defendant forthwith.