STEVEN J. BRAY *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.    February 8, 1939. — June 28, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Negligence*, Street railway: sudden stop; Res ipsa loquitur.  *Words*, "Suddenly."

Evidence merely that a street railway car stopped "suddenly," that a passenger who had started to walk forward in the car was thrown against a seat and to the floor and that a number of passengers behind him were thrown upon him, did not warrant a finding that the car's movement was so far in excess of that ordinarily to be expected in normal operation as to warrant an inference of negligence of its operator.

TORT.    Writ in the Superior Court dated December 13, 1934.

A verdict for the defendant was ordered by *Swift*, J.

G. W. *Shinney*, for the plaintiff.

R. L. *Mapplebeck*, for the defendant, submitted a brief.

DOLAN, J.    This is an action of tort to recover compensation for personal injuries sustained by the plaintiff, on November 28, 1934, while he was a passenger on one of the defendant's street cars.  The case was tried to a jury.  At the close of the evidence the defendant filed a motion for a directed verdict, which was allowed by the judge subject to the plaintiff's exception.

There was evidence that at the time of the accident the plaintiff, who was then a student at the High School of

Commerce, was a passenger on the car, which was being operated on Huntington Avenue. When it stopped at Vancouver Street, a regular stopping place "for students who attend the High School of Commerce," the plaintiff arose from his seat in about the middle of the car and started to walk forward. He took two or three steps and the car started again, and then stopped "suddenly," throwing him against a seat and onto the floor. There was no one in front of him as he started to walk forward, but there were fifteen or twenty passengers back of him, some of whom were thrown upon him. He got up, gave his name and address to the motorman, and showed him his knee, which had started to swell, and told him what had happened.

It is well settled that a street railway company is not liable for injuries to passengers resulting from ordinary jolts and jerks of a street car in starting and stopping, "however vituperatively described." *Seidenberg* v. *Eastern Massachusetts Street Railway*, 266 Mass. 540, 542, 543, and cases cited.

The only evidence of the manner in which the car stopped is that it stopped "suddenly." This descriptive word does not by itself afford a basis for a finding that the operator of the car was negligent. *Conley* v. *Town Taxi, Inc.* 298 Mass. 130, 131, and cases cited. Commonly, negligence cannot be inferred from the mere happening of an accident, *Marshall* v. *Carter*, 301 Mass. 372, 378, and the doctrine of *res ipsa loquitur* does not apply to the facts in the case at bar. *Conley* v. *Town Taxi, Inc.* 298 Mass. 130, 132.

The fact that the plaintiff was thrown to the floor of the car, in the absence of evidence as to his state of balance when the car stopped suddenly, does not warrant a finding that the movements of the car were unusual or extraordinary. *Phinney* v. *Eastern Massachusetts Street Railway*, 285 Mass. 207, 209, and cases cited. There is no evidence that any hold of the plaintiff on a strap or other part of the car was broken by its stopping suddenly. *Seidenberg* v. *Eastern Massachusetts Street Railway*, 266 Mass. 540, 543. Compare *McRae* v. *Boston Elevated Railway*, 276 Mass. 82, 83. Nor

is there evidence of the state of balance of the other passengers at the time the car stopped suddenly and they were thrown upon the plaintiff. It does not appear whether they were then walking forward or standing still. We think that the plaintiff did not sustain the burden resting upon him to prove "that the movement of the vehicle was so far in excess of that ordinarily to be expected in normal operation as to lay a foundation for a reasonable inference of negligence." *Johnson* v. *Berkshire Street Railway*, 292 Mass. 311, 312. *Exceptions overruled.*