NORA A. CARSON, administratrix, *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk. November 12, 1940. — April 22, 1941.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Negligence*, Street railway: sudden start. *Evidence*, Relevancy, Judicial notice. *Practice, Civil*, Requests, rulings and instructions; Exceptions: whether error harmful. *Error*, Whether harmful.

At the trial of an action for personal injuries alleged to have been sustained by a passenger in a fall caused by a sudden or jerky starting of a street car as he was in the act of entering it, of which there was evidence, it was proper to admit in evidence a conversation by an employee of the defendant with the passenger at the time of the accident in which the passenger stated that he did not know what caused him to fall and did not in any form of words speak of a sudden or jerky start of the car.

Instructions to the jury at the trial of an action for personal injuries which removed from its consideration an element of physical injury of which there was evidence were not prejudicial to the plaintiff where it was not disputed that some physical injury had been sustained and the jury found for the defendant.

Notwithstanding expert testimony, at the trial of an action for personal injuries caused by sudden or jerky starting of an electric street car, to the effect that the starting mechanism of such cars had been so improved that, if in good condition and properly operated, starting and stopping would be without jerks, this court took judicial notice

that perfect smoothness in the starting of such a street car is not yet attained in practice.

A jerk, jolt or lurch in the operation of a street car, to furnish evidence of negligence toward a passenger injured thereby, must be unusual and beyond common experience according to the standard of operation of the time in question.

TORT. Writ in the Superior Court dated October 19, 1934.

The case was tried before *Beaudreau,* J.

*E. B. Hanify,* for the plaintiff.

*S. C. Rand,* for the defendant.

LUMMUS, J. This action of tort for personal injuries was begun by Mary H. Carson, but is prosecuted by her mother and administratrix. The plaintiff's intestate on October 13, 1934, at the Arlington Street station of the defendant, having paid her fare before entering the subway, suffered injury while boarding one of its street cars. Evidence for the plaintiff tended to show that the intestate, firmly holding the upright iron rod with her right hand, had her right foot on the car step and her left foot still higher on the vestibule floor, when the car started with a lurch or jerk, and simultaneously the doors partly closed, and she was thrown down. Someone then cried out, the car stopped, and she was picked up. On the other hand, evidence for the defendant tended to show that she slipped and fell while entering a stationary car. There was a verdict for the defendant, and the case comes here on exceptions by the plaintiff.

The witness Cullen, a street car inspector of the defendant, testified to a talk with the intestate at the Park Street station, after she had been assisted from the car in which she had been hurt. In response to his question as to what had happened to her, she told him that she fell in getting on the car. Asked what caused her to fall, she told him that she did not know. He was properly allowed to testify that she did not in any form of words speak of a sudden or jerky start of the car. *Langan* v. *Pianowski,* 307 Mass. 149, 151, 152.

There was expert evidence for the plaintiff that the in-

testate suffered after the injury from cancer at the site of her injury to her foot, that severe trauma is an adequate cause of cancer, and that the cancer in this case was caused by the injury. The judge in his charge excluded any direct connection between the trauma and the cancer, but submitted to the jury the question whether the trauma produced lowered capacity to resist the germ of cancer and in that way caused cancer. *Wallace* v. *Ludwig*, 292 Mass. 251. But whether the judge was right or wrong in this instruction as to damages, is made immaterial by the verdict for the defendant. It cannot be said, as the plaintiff contends, that cancer was the only injury shown, and consequently was essential to the existence of her cause of action. It was not disputed that the plaintiff's intestate suffered a physical injury immediately upon her fall. Such injury appears upon the testimony of witnesses for the defendant as well as for the plaintiff.

The plaintiff excepted to the refusal to give her third requested instruction, as follows: "If the motorman prematurely caused the step from which the plaintiff [*sic*] was attempting to board the car to be lifted, and that lifting of the step caused the plaintiff [*sic*] to be thrown and injured, that would be negligence." See *Fitzgerald* v. *Boston Elevated Railway*, 274 Mass. 287. Evidence for the plaintiff showed that "the steps of the car are folding steps and are connected through mechanical levers and rods to a door engine which operates one way to open the door and the other way to close the door and in doing so operates the steps," that "the doors cannot shut without pulling up the steps and the step cannot go up without the doors shutting; that the doors start to shut before the step starts to go up," that "thirty-five or forty pounds on the step will prevent the door from closing," and that the door engine is independent of the devices used to start the car. Although the third count of the declaration, added by amendment during the trial, alleged negligence in the lifting of the step, nothing in the evidence suggested that the lifting step caused any injury apart from either a sudden or a premature start of the car. Proof of such a sudden or pre-

mature start was essential to the plaintiff's theory of the case. Counsel for the plaintiff, in noting his exceptions, described his third request as relating to a premature start while the "plaintiff" [*sic*] was attempting to board the car. Subsequently, by an addition to the charge, the judge covered that subject without exception. For these reasons there was no error in the refusal to give the third requested instruction. There was nothing in the questions put to the operator of the car on cross-examination on this subject, the exclusion of which was the subject of exception, that was not self-evident or covered by other testimony.

The remaining exception that was argued is to that part of the charge that laid down the rule of liability for a sudden starting of the car. This exception has no application to a premature starting of the car while the plaintiff's intestate, as the defendant knew or ought to have known, was boarding the car, which was discussed without exception in an addition to the charge. This exception assumes that the defendant was entitled to start the car at the time, and relates solely to the manner in which it was started.

The fundamental duty of a carrier to take care for the safety of a passenger is settled. That duty is to exercise reasonable care under the circumstances. Among those circumstances are that the carrier has control of the passenger and that the consequences of negligence are likely to be serious. Accordingly it is held that reasonable care under the circumstances is the highest degree of care, — not the highest degree of care imaginable, but the highest degree of care that is consistent with the requirements of the public for speedy and inexpensive as well as safe transportation and with the practical operation of the business. *Gardner* v. *Boston Elevated Railway,* 204 Mass. 213, 216, 217. *Glennen* v. *Boston Elevated Railway,* 207 Mass. 497. *Donahoe* v. *Boston Elevated Railway,* 214 Mass. 70. *Holton* v. *Boston Elevated Railway,* 303 Mass. 242. Some degree of jerking, jolting and lurching being declared a necessary incident to travel, evidence of a jerk, jolt or lurch in the operation of a street car has been held not to warrant a finding of negligence, even though injury results, unless

it appears to be unusual and beyond common experience. *Work* v. *Boston Elevated Railway*, 207 Mass. 447. *Craig* v. *Boston Elevated Railway*, 207 Mass. 548. *Seidenberg* v. *Eastern Massachusetts Street Railway*, 266 Mass. 540. *Revsbech* v. *Boston Elevated Railway*, 275 Mass. 317. *Desautels* v. *Massachusetts Northeastern Street Railway*, 276 Mass. 381. *Phinney* v. *Eastern Massachusetts Street Railway*, 285 Mass. 207. *Bray* v. *Boston Elevated Railway*, 303 Mass. 379. *Maher* v. *Boston & Albany Railroad*, 304 Mass. 641.

The judge instructed the jury on this matter in substance as follows: The mere fact of a jolt or lurch is not evidence of negligence. "There is liability, however, when those jerks or jolts are greater than is incidental to the ordinary operation of the car and outside of that in common experience." If the jerk or jolt was an extraordinary or unusual one, it is evidence of negligence, but not if it was just an ordinary one.

There had been expert testimony for the plaintiff that for the last fifteen or twenty years the electric power mechanism of street cars has become so improved that if the controller of a street car is in good condition, and is operated from notch to notch as it should be, without putting on too much power suddenly, there will be a smooth start from a stopped position to a running position and from a running position to full speed. The plaintiff excepted to the foregoing instruction, on the ground that this expert testimony showed that "anything but a smooth start involving no jerk . . . would be evidence of negligence." In this she relied upon *Griffin* v. *Springfield Street Railway*, 219 Mass. 55, in which there was expert testimony that at the time of that case electrical science had progressed so far that a sudden jerk of sufficient force to throw the plaintiff down while she was walking in the car indicated either improper mechanism or improper operation. See also *Nolan* v. *Newton Street Railway*, 206 Mass. 384.

The instruction given required an unusual jolt or jerk as a basis for a finding of negligence. Notwithstanding the expert testimony, we can still take judicial notice that

perfect smoothness in the operation of a street car is not yet attained in practice. Jerks, jolts and lurches of considerable severity, that once were common, may have become unusual and extraordinary, and sufficient to warrant a finding of negligence. The flexibility in this respect of the distinction between ordinary and unusual jerks, jolts and lurches was recognized in *Griffin* v. *Springfield Street Railway*, 219 Mass. 55, 57. We think that it remains law that to furnish evidence of negligence a jerk, jolt or lurch must appear to have been unusual and beyond common experience according to the standard of the time. We find nothing in the charge of which the plaintiff can rightly complain.

*Exceptions overruled.*