MARION CUSHMAN vs. BOSTON, WORCESTER AND NEW YORK STREET RAILWAY COMPANY.

Middlesex.    January 9, 1946. — February 4, 1946.

Present: FIELD, C.J., QUA, DOLAN, RONAN, & WILKINS, JJ.

*Negligence*, Bus. *Evidence*, Competency, Of value, Conflicting statements of witness.

A finding of negligence on the part of the operator of a motor bus was warranted by evidence that it started with several backward and forward jerks sufficient to throw a sitting passenger backward and forward on the seat and to break a standing passenger's tight grip upon a bar.

On an issue whether there was negligence in the operation of a motor bus by reason of jerks occurring when it started, a passenger who had ridden on that bus line for fifteen years was properly allowed to testify that he had never observed a bus start in that manner.

A jury was at liberty to accept either of two contradictory statements made by a witness in his testimony where he was not asked to make a definite choice between them.

Testimony by the plaintiff in an action for personal injuries, as to the value of services rendered by him in his employment, was not made inadmissible by the fact that he never actually had been paid for the services before the accident in which he was injured; that fact went only to the weight of his testimony.

TORT. Writ in the District Court of Marlborough dated March 12, 1942.

Upon removal to the Superior Court, the action was tried before *Greenhalge*, J. There was a verdict for the plaintiff, and the defendant alleged exceptions.

*H. S. Avery*, for the defendant.

*F. L. Williams*, for the plaintiff, submitted a brief.

RONAN, J. The plaintiff became a passenger upon the motor bus of the defendant at Marlborough on the morning of December 5, 1941, and sat on the first cross seat on the right hand side of the bus. This seat was located directly back of the well, which was eight or ten inches below the level of the floor of the bus and which was used as a passageway for passengers entering or leaving the bus. There was

no bar in front of this seat. The bus stopped at Framingham where a woman entered the bus. After this woman entered the bus, the bus started with four or five jerks, backward and forward, and threw the plaintiff back and forth on the seat, and in order to save herself from falling into the well and through the open door she grabbed the door casing. The operator then closed the door and the plaintiff's fingers were caught between the door and the casing. The passenger who got on at Framingham testified that as the bus started it jerked back and forth; that she grabbed the fare box; that she got dizzy from the jolting of the bus and felt shaky, and then took hold of a long bar; that she had "a bigger grip" on the fare box to protect herself; that her grip was broken as she held tight onto the bar as she was thrown back and forth; and that she was pushed forward and against the windshield. The defendant excepted to the denial of its motion for a directed verdict.

A common carrier is not liable to a passenger for personal injuries resulting from jerks or jolts of a street car or a motor bus which are incidental to the ordinary operation of the vehicle. In order to recover, the passenger has the burden of showing, by the physical facts which accompanied and had their origin in the jerk or jolt, that the movement of the vehicle was so much more violent than could be reasonably expected from the ordinary operation of the vehicle as to warrant an inference of negligence. This burden is not sustained by evidence that shows no more than mere expressions of feelings or emotions experienced by a passenger at the time of the occurrence of a jerk or jolt. The question in each case is whether the extent and severity of the jerk or jolt are such as fairly to indicate negligence in the operation of the vehicle. We think the evidence was sufficient to support the finding of the jury that there was such negligence. *Seidenberg* v. *Eastern Massachusetts Street Railway,* 266 Mass. 540, 543. *Johnson* v. *Berkshire Street Railway,* 292 Mass. 311. *Carson* v. *Boston Elevated Railway,* 309 Mass. 32, 35–36. *Cuddyer* v. *Boston Elevated Railway,* 314 Mass. 680, 682.

We need not decide whether the denial of the motion to

direct a verdict for the defendant might also be sustained on the ground that the failure of the operator to close the door before he started the bus was a violation of the defendant's rules and that, even if the jerk or jolt was not unusual, the plaintiff would not have been injured if the door had been closed before the bus was started. *Carroll* v. *Boston & Northern Street Railway*, 186 Mass. 97. *McGlinchy* v. *Boston Elevated Railway*, 206 Mass. 7.

One of the issues was whether the bus started in an unusual or extraordinary manner. The plaintiff, who had ridden upon this bus line for fifteen years, was properly permitted to testify that she had never observed a bus start up as did this one at the time of the accident. In *Partelow* v. *Newton & Boston Street Railway*, 196 Mass. 24, 31, it was held that there was no error in admitting the testimony of a conductor that the jerk of the car was an ordinary one. "It was of course impossible to measure accurately the lurch of the car, or to describe it so as to enable the jury to determine its amount with exactness. It naturally would be described according to the standard of everyday experience. This is one of the many cases in which a witness may state the result of his observation, although it involves in some measure his opinion or judgment." The plain implication of the plaintiff's testimony is that the jolt was an unusual one. If one may testify from years of experience that a jolt was usual, it is equally competent for one with fifteen years' experience to testify that a particular jolt was unusual. *Robbins* v. *Springfield Street Railway*, 165 Mass. 30, 37. *Welch* v. *New York, New Haven & Hartford Railroad*, 176 Mass. 393, 400. See *Conley* v. *Town Taxi, Inc.* 298 Mass. 130. The instant case is distinguishable from *Simon* v. *Berkshire Street Railway*, 298 Mass. 454, where it was held that any difference in the speed of an automobile from its customary speed was immaterial on the issue of the defendant's negligence. Here the customary manner in which buses start up furnished the standard by which to determine the defendant's negligence in starting the bus at the time of the accident.

The plaintiff, a teacher in a public school and also a re-

search worker for a professor at Harvard University, engaged in collecting, compiling and preparing material for the publication of a book, was properly permitted to testify as to the value of her services and what was the prevailing rate of wages paid to those performing similar work, although she testified in cross-examination that she did not know what was paid to others and that she had not actually been paid for her services as a research worker prior to the accident. She was not asked to make a definite choice between her contradictory statements concerning her knowledge or lack of knowledge of the rate of wages paid to others. The jury could accept either statement as the truth. *Donovan* v. *Johnson*, 301 Mass. 12. The fact that she was not paid went only to the weight of her testimony. The jury were not required to adopt the defendant's contention that payment depended upon the success of the book, especially where the plaintiff denied any such arrangement. *Harmon* v. *Old Colony Railroad*, 168 Mass. 377. *Kennedy* v. *Hub Manuf. Co.* 221 Mass. 136. *Doherty* v. *Ruiz*, 302 Mass. 145. *Rizzo* v. *Cunningham*, 303 Mass. 16. *Leave* v. *Boston Elevated Railway*, 306 Mass. 391. *Thibault* v. *DeVio*, 318 Mass. 605.

*Exceptions overruled.*