OMER A. MATHIEU, administrator, & another *vs.* SPRING-
FIELD STREET RAILWAY COMPANY.

Hampden.   September 20, 1951. — November 1, 1951.

Present: QUA, C.J., WILKINS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Negligence,* Bus.

Evidence merely that a passenger in a crowded motor bus was standing
with her hand on a strap, and that the bus "came to a very sudden
stop" at a regular bus stop, "so sudden [that] her hand slipped off
of the strap" and she was "thrown to the floor," sustaining a fractured
hip, did not warrant a finding that the bus was operated negligently.

TORT, originally by Antoinette V. Mathieu and Omer A.
Mathieu.   Writ in the Superior Court dated February 21,
1949.

The action was tried before *Broadhurst, J.*

In this court the case was submitted on briefs.

*F. S. Pillsbury,* for the defendant.

*H. A. Moran & H. A. Moran, Jr.,* for the plaintiff.

SPALDING, J.   The sole question here is whether the evi-
dence would warrant a finding of negligence on the part of
the defendant.   The declaration contains two counts.   In
one the female plaintiff seeks to recover damages for per-
sonal injuries; in the other her husband seeks consequential
damages.   The jury returned a verdict for the plaintiff on
each count.   The defendant's exception to the denial of its
motion for a directed verdict on each count brings the case
here.   For convenience the female plaintiff will hereinafter
be called the plaintiff.[1]

There was evidence that the plaintiff boarded the defend-
ant's motor bus at the Public Market in Springfield; that
the bus was crowded and she stood near the front with her

[1] By reason of the plaintiff's death prior to the trial her administrator was
substituted as a party plaintiff.

hand on the strap; that as the bus approached Fremont Street — a regular stop at which she intended to get off — she was looking out of the window "to be sure she was at the right stop"; that at Fremont Street the bus "came to a very sudden stop and it knocked her right to the floor"; that the "bus stopped so sudden . . . her hand slipped off of the strap and she fell down"; that she was "thrown to the floor"; and that as a result of her fall the plaintiff sustained a fractured hip.

It is settled by a long line of decisions that a passenger of a street car or motor bus seeking to recover damages for personal injury resulting from sudden jolts or jerks arising from the operation of the vehicle must prove that the movement of the vehicle was so far in excess of that ordinarily to be expected in normal operation as to lay a foundation for a reasonable inference of negligence.[1] In proving that the jolt or jerk was due to negligence it is likewise incumbent on the plaintiff to prove, subject to an exception not here material, that it was not necessitated by some traffic emergency. *Cuddyer* v. *Boston Elevated Railway,* 314 Mass. 680. The governing principles are not difficult. The difficulty comes in applying them to a given state of facts. The question becomes one of degree in each case, and it is impossible to lay down any rule of general application. *Work* v. *Boston Elevated Railway,* 207 Mass. 447, 448.

We are of opinion that the present case ought not to have been submitted to the jury. We assume, as the plaintiff argues, that the fact that the accident occurred at a regular bus stop negatives the possibility that it was due to a traffic emergency and we put that out of the case. See *Warren* v. *Boston Elevated Railway,* 259 Mass. 226. Compare *Cuddyer*

---

[1] Some of the cases are *McGann* v. *Boston Elevated Railway,* 199 Mass. 446, *Work* v. *Boston Elevated Railway,* 207 Mass. 447, 448, *Anderson* v. *Boston Elevated Railway,* 220 Mass. 28, *Walsh* v. *Boston Elevated Railway,* 256 Mass. 17, *Chandler* v. *Boston Elevated Railway,* 261 Mass. 230, *Desautels* v. *Massachusetts Northeastern Street Railway,* 276 Mass. 381, *Phinney* v. *Eastern Massachusetts Street Railway,* 285 Mass. 207, *Johnson* v. *Berkshire Street Railway,* 292 Mass. 311, *Bray* v. *Boston Elevated Railway,* 303 Mass. 379, and *Carson* v. *Boston Elevated Railway,* 309 Mass. 32, 35–37.

v. *Boston Elevated Railway*, 314 Mass. 680. Negligence in cases of this sort must be shown by "acts or . . . physical facts and not merely by the accumulation of adjectives and adverbs denoting violence." *Johnson* v. *Berkshire Street Railway*, 292 Mass. 311, 312. Thus the description of the stop as a "sudden" one, without more, would not make out a case. We think that the physical facts which have been held to be of significance in other cases on the issue of negligence are lacking here. There was nothing to show whether the plaintiff's grip on the strap was a firm one. *Phinney* v. *Eastern Massachusetts Street Railway*, 285 Mass. 207, 208–209. If anything, the evidence tended to show the contrary. Nor does it appear how far in feet the plaintiff was thrown. See *Convery* v. *Eastern Massachusetts Street Railway*, 252 Mass. 418; *Revsbech* v. *Boston Elevated Railway*, 275 Mass. 317. The evidence shows merely that she was "thrown to the floor." There was no evidence as to the effect of the jolt on other passengers. See *Johnson* v. *Berkshire Street Railway*, 292 Mass. 311, 312. The fact that the plaintiff's hip was fractured from the fall, without more, would not warrant the inference that the bus was operated negligently. See *Desautels* v. *Massachusetts Northeastern Street Railway*, 276 Mass. 381, 385. The case falls within the authority of such cases as *Walsh* v. *Boston Elevated Railway*, 256 Mass. 17, *Chandler* v. *Boston Elevated Railway*, 261 Mass. 230, *Desautels* v. *Massachusetts Northeastern Street Railway*, 276 Mass. 381, *Phinney* v. *Eastern Massachusetts Street Railway*, 285 Mass. 207, and *Bray* v. *Boston Elevated Railway*, 303 Mass. 379.

*Exceptions sustained.*
*Judgment for the defendant.*