**Anna HRYN, Appellant,**

v.

**CAPITAL TRANSIT COMPANY, a corporation, Appellee.**

**No. 1653.**

Municipal Court of Appeals for the District of Columbia.

Argued July 18, 1955.

Decided Aug. 2, 1955.

Joseph C. Suraci, Washington, D. C., for appellant.

John P. Arness, Washington, D. C., for appellee.

Francis L. Casey, Jr., Washington, D. C., also entered an appearance for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

This damage suit was first filed in the United States District Court and was by that court, after pre-trial, certified to the Municipal Court for trial as authorized by Code, § 11–756. At the close of plaintiff's case the trial court granted defendant's motion for a directed verdict. That ruling is here for review.

Plaintiff, a woman of sixty-four, was the only witness on the subject of liability. She testified that she was on her way home, carrying two bags of groceries and her pocketbook, and in crossing the street stepped onto a streetcar loading platform. She went to the rear of the platform, standing in the "middle." At that time she saw a streetcar two or more blocks away coming in her direction. She stayed where she was, but turned and faced the front of the platform. She used varying phrases (to which we refer later) to describe how she

came to be hurt, but the gist of her testimony was that as she was standing on the platform the streetcar went by with great speed and came to a sudden stop; that her arm was thrown up against the rear part of the streetcar; and that no other part of her body came in contact with the car. She also said that the blow to her hand was not caused by any swaying of the car.

 We think the ruling of the trial court must be sustained. Plaintiff was not a passenger or prospective passenger; she was a pedestrian using the loading platform as a temporary stopping place, and thus was merely a licensee. The transit company owed her no more than the duty of ordinary care. In order to establish a prima facie case plaintiff was required to show that such duty was breached. And accepting all her testimony as true and drawing every reasonable inference in her favor, we are of the opinion that it would not support a verdict for plaintiff. Standing in the middle of the platform in what she described as a position of safety, and with her back to the approaching car, her only explanation of the occurrence was that the strong wind caused by the stopping car had forced her hand into the air and against the rear part of the car. There was no testimony even vaguely tending to show that the motorman knew or should have known that plaintiff was in a position of peril, or that there was anything he could or should have done to prevent contact between plaintiff and the streetcar. By way of analogy, we refer to a comparatively recent decision of our court of last resort. Brown v. Capital Transit Co., 75 U.S. App.D.C. 337, 127 F.2d 329, certiorari denied 317 U.S. 632, 63 S.Ct. 61, 87 L.Ed. 510. There, in alighting from a streetcar, a passenger was thrown off balance and fell. She testified that her heel had caught on something she was unable to identify, that she thought it might have been either the iron border or the rough surface caused by hobnails set in the platform. Affirming a judgment based on a directed verdict, the court said that a verdict for plaintiff could not have been sustained because it would have been based not upon proven facts, but on mere speculation as to how the accident happened.[1] That being the rule of law in the case of a passenger who was entitled to the highest degree of care, it is all the more proper to apply it to one who was merely a licensee. In his brief counsel for appellant stresses that it was the wind created by the streetcar which caused the injury. Appellee answers, and we think correctly, that appellant's testimony was principally in the form of certain characterizations and adjectives, and was not enough to prove a case. The references are to such expressions as, "awful speed," "flew by me," "he certainly flew," "just like this—whiz," "like an awful wind," and "just like a hurricane." It must be admitted that these expressions are picturesque; but their probative value is dubious at best, especially when it is remembered that they describe a streetcar which was admittedly in the very act of coming to a stop. Testimony of a similar nature has been held insufficient. For example, in Belledeau v. Connecticut Co., 110 Conn. 625, 149 A. 127, 129, it was said that, "the characterization of the manner of stopping or starting a car by strong adjectives or expletives will not suffice as descriptions of an act of negligence." In Maryland the same rule has been announced, the court saying that an inference of negligence must be drawn from facts and not from adjectives or words of characterization. Kaufman, by Deutch v. Baltimore Transit Co., 197 Md. 141, 78 A.2d 464. To the same effect are Cushman v. Boston, W. & N. Y. St. Ry. Co., 319 Mass. 177, 65 N.E. 2d 6; Taylor v. Westchester Street Transp. Co., Inc., 276 App.Div. 874, 93 N.Y.S.2d 395; Hill v. West Penn Rys. Co., 340 Pa. 297, 16 A.2d 527.

We are satisfied that the vague and unsatisfactory nature of plaintiff's testimony justified the direction of a verdict for defendant.

Affirmed.

1. See also Kieffer v. Capital Transit Company, D.C.Cir., 214 F.2d 241.