MARY FERRICK *vs.* MASSACHUSETTS BAY TRANSPORTATION AUTHORITY. April 17, 1974. In this action of tort for negligence the jury returned a verdict for the plaintiff after which the judge ordered the entry of a verdict for the defendant under leave reserved. The case is before us on the plaintiff's exception to that order. On the afternoon of September 26, 1967, the plaintiff boarded a bus operated by the defendant in Medford. About a block before the stop at the intersection of Mystic Avenue and Hancock Street she rang the buzzer to signal the driver to stop. She arose and proceeded to the front of the vehicle. She testified that she stood facing the front window of the bus, holding on to a vertical stanchion with her right hand, and

that she observed no traffic ahead. She further testified that when the bus was 50 feet from the intersection its speed was between 35 and 40 miles an hour. She stated that as the driver brought the bus to a stop she lost her grip, "went flying," struck her head, was rendered unconscious for ten minutes, and sustained multiple injuries. The bus driver testified that he "stopped short." Viewing this evidence in its aspect most favorable to the plaintiff (*Adams* v. *Herbert*, 345 Mass. 588, 589 [1963]), we think the entry of a verdict for the defendant under leave reserved was improper. It is well settled that before an inference of negligence may be warranted the plaintiff must show that a stop was unusual or sudden and that it was not occasioned by a traffic emergency. *Cuddyer* v. *Boston Elev. Ry.* 314 Mass. 680, 682-685 (1943). Such a showing is not made by the mere characterization of the stop as sudden or violent. *Mathieu* v. *Springfield St. Ry.* 328 Mass. 13, 15 (1951). We think the evidence here was more than "the accumulation of adjectives and adverbs denoting violence." *Johnson* v. *Berkshire St. Ry.* 292 Mass. 311, 312 (1935). From the plaintiff's testimony as to the speed of the bus as it neared the stop and as to the absence of traffic ahead, the jury could infer that the stop was sudden or unusual and was not necessitated by a traffic emergency. This testimony, coupled with the testimony as to other physical facts, was sufficient to "make the question of the defendant's negligence one of fact for the jury." *McRae* v. *Boston Elev. Ry.* 276 Mass. 82, 84 (1931). Having introduced such evidence, the plaintiff was not required to introduce evidence indicating the firmness of her grip. Compare *Mathieu* v. *Springfield St. Ry.*, *supra*. The plaintiff's exceptions are sustained, the verdict for the defendant under leave reserved must be set aside and judgment is to be entered for the plaintiff on the verdict returned by the jury.

*So ordered.*

*Barry C. Reed* (*Frank D. Zeuli* with him) for the plaintiff.
*Albert E. Good* for the defendant.